Thomas A. Saenz (Cal. Bar No. 159430)
Ernest I. Herrera (Cal. Bar No. 335032)
Eduardo Casas (Cal. Bar No. 346859)
MEXICAN AMERICAN LEGAL DEFENSE
AND EDUCATIONAL FUND
634 South Spring Street, 11th Floor
Los Angeles, CA 90014
Telephone: (213) 629-2512
Facsimile: (213) 629-0266
Email: tsaenz@maldef.org
        eherrera@maldef.org
        ecasas@maldef.org

*Attorneys for [Proposed] Defendant-Intervenor*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| CITY OF HUNTINGTON BEACH, a California Charter City, HUNTINGTON BEACH CITY COUNCIL, HUNTINGTON BEACH POLICE DEPARTMENT, and the HUNTINGTON BEACH POLICE CHIEF, in his official capacity as Chief of Police,<br><br>    Plaintiffs,<br><br>v.<br><br>The STATE OF CALIFORNIA, GAVIN NEWSOM, in his official capacity as Governor of the State of California; ROBERT BONTA in his official capacity as Attorney General of the State of California; and DOES 1-50, inclusive,<br><br>    Defendants, | Case No: 8:25-cv-00026-SSS-PD<br><br>**[PROPOSED] DEFENDANT-INTERVENOR NATIONAL DAY LABORER ORGANIZING NETWORK'S ANSWER TO PLAINTIFFS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND COUNTER-CLAIMS**<br><br>Hon. Sunshine S. Sykes<br><br>**Action Filed:** January 7, 2025<br>**Trial Date:** None Set<br>**Hearing Date:** June 20, 2025<br>**Time:** 2:00 p.m. |

1

2

v.

3

THE NATIONAL DAY LABORER
ORGANIZING NETWORK,

4

5

Defendant-Intervenor.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendant-Intervenor National Day Laborer Organizing Network ("NDLON" or "Defendant-Intervenor") respectfully answers and pleads counter-claims in response to the Complaint for Declaratory and Injunctive Relief of Plaintiffs City of Huntington Beach, et al. [Dkt. 1].

The opening unnumbered paragraphs of Plaintiffs' Complaint contain legal conclusions and argument to which no response is required.  To the extent a response is required to the opening unnumbered paragraphs, Defendant-Intervenor NDLON denies.  Defendant-NDLON answers the numbered allegations and paragraphs of Plaintiffs' Complaint as follows:

## PARTIES

1.  Defendant-Intervenor admits Paragraph 1 of the Complaint to the extent that the City of Huntington Beach is a Charter City.  The remainder of the paragraph's allegations state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor denies that Plaintiff City of Huntington Beach may exercise power over local law enforcement without limitation under Article XI, Section 5 of the California Constitution.

2.  Defendant-Intervenor admits Paragraph 2 of the Complaint.

3.  Defendant-Intervenor admits Paragraph 3 of the Complaint.

4.  Defendant-Intervenor admits Paragraph 4 of the Complaint.

5.  Defendant-Intervenor admits Paragraph 5 of the Complaint.

6.  Defendant-Intervenor admits Paragraph 6 of the Complaint.

7.  Defendant-Intervenor admits Paragraph 7 of the Complaint.

1

# POTENTIAL PARTIES

8.      Defendant-Intervenor avers that it is without sufficient information or knowledge to form a belief as to the averments in Paragraph 8 of the Complaint pertaining to DOES 1 through 50.

9.      Defendant-Intervenor avers that it is without sufficient information or knowledge to form a belief as to the averments in Paragraph 9 of the Complaint pertaining to individuals and/or entities unknown to Plaintiffs.

# JURISDICTION AND VENUE

10.      Defendant-Intervenor denies that this Court has jurisdiction to hear and to decide Plaintiff's claim because the Court lacks subject matter jurisdiction over Plaintiffs' claims. In particular, Plaintiffs lack standing required to assert a claim in federal court.

11.      Defendant-Intervenor admits Paragraph 11 of the Complaint.

12.      Defendant-Intervenor admits Paragraph 12 of the Complaint

# ALLEGATIONS

## A.      Charter City Authority

13.      Defendant-Intervenor admits Paragraph 13 of the Complaint.

14.      The allegations in Paragraph 14 of the Complaint state legal conclusions, to which no response is required. Defendant-Intervenor admits the allegations in paragraph 14 to the extent that it restates the definition of a "political subdivision" within the meaning of the California Elections Code in § 14051(a).

15.      The allegations in Paragraph 15 of the Complaint state legal conclusions and no response is required to the extent that it alleges that charter cities may never be considered a political subdivision of the state. *See City of Redondo Beach v. Padilla*, 46 Cal. App. 5th 902, 915, 260 Cal. Rptr. 3d 263, 272 (2020) (discussing whether it was the intent of the legislature to include charter

2

cities as political subdivisions within the meaning of a statue). Defendant-Intervenor admits that charter cities have authority over matters ultimately deemed "municipal affairs" by the appropriate authority.

16.    The allegations in Paragraph 16 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor denies each and every averment in Paragraph 16. Defendant-Intervenor admits that *Haytasingh v. City of San Diego,* 66 Cal.App.5th 429, 459 (2021) and *Otis v. City of Los Angeles*, 52 Cal.App.2d 605, 611-12 (1942) are decisions of the California Courts of Appeal and avers that the decisions speak for themselves.

17.    The allegations in Paragraph 17 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor denies each and every averment in Paragraph 17. Defendant-Intervenor admits that *City of Redondo Beach v. Padilla*, 46 Cal.App.5th. 902, 910 (2020) is a decision of the California Appellate Court and avers that the decision speaks for itself.

18.    The allegations in Paragraph 18 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor denies each and every averment in Paragraph 18. Defendant-Intervenor admits that *Johnson v. Bradley*, 4 Cal.4th 389, 395 (1992) is a decision of the California Appellate Court and avers that the decision speaks for itself.

19.    Defendant-Intervenor admits Paragraph 19 of the Complaint.

3

20.     The allegations in Paragraph 20 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor admits that *California Fed. Savings & Loan Assn. v. City of Los Angeles 35 Cal.3d 1, 12 (1991)* is a decision of the California Supreme Court and avers that the decision speaks for itself.

21.     The allegations in Paragraph 21 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor admits that Cal. Const. art. XI, §5(b)(1) is a clause in the California Constitution and avers that the clause speaks for itself.

22.     The allegations in Paragraph 22 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor denies each and every averment in Paragraph 22.

23.     The allegations in Paragraph 23 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor admits that Cal. Const. art. XI, §5(b) is a clause in the California Constitution and avers that the clause speaks for itself, but denies that the City of Huntington Beach has supreme authority over its city police force.

24.      The allegations in Paragraph 24 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor denies that the Huntington Beach Police Department enjoys absolute independence over municipal affairs.

4

25.     The allegations in Paragraph 25 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiff's action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor denies that the Home Rule doctrine grants the police departments of charter cities unfettered independence, even for municipal affairs related to local law enforcement.

26.     The allegations in Paragraph 26 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor denies that the City of Huntington Beach is obligated, or even able to, investigate crimes before they occur; It is logically impossible to investigate something that has not happened yet. Defendant-Intervenor further denies that law enforcement agencies have absolute power to address crime as this directly conflicts with well-established constitutional constraints on law enforcement practices. Defendant-Intervenor also denies that the City of Huntington Beach is obligated to enforce federal law.

27.     Defendant-Intervenor admits that Cal. Const. art. XX, §3 is a clause in the California Constitution that requires certain individuals to take an oath of office and aver that the clause speaks for itself.

28.     Defendant-Intervenor admits that Cal. Const. art. XX, §3 is a clause in the California Constitution that requires certain individuals to take an oath of office and avers that the clause speaks for itself

29.     The allegations in Paragraph 29 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor denies that the California Values Act forces the

5

City's officials to violate federal law or the oath of office required by Cal. Const. art. XX, §3.

**B.    The Sanctuary Law**

30.    Defendant-Intervenor admits that California enacted the California Values Act in 2017 and that it had previously been referred to as Senate Bill 54.

31.    The allegations in Paragraph 31 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor denies that the California Values Act is unconstitutional either under the U.S. or California Constitutions.

32.    The allegations in Paragraph 32 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor denies that the Huntington City Police Department has complete autonomy, even in matters related to local law enforcement. Defendant-Intervenor further denies that the California Values Act compels Plaintiffs to violate any law.

33.    The allegations in Paragraph 33 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor denies that Huntington City has a "right to fully control its own Police Department and fully and effectively engage in law enforcement."

34.    The allegations in Paragraph 34 of the Complaint related to 8 U.S. Code § 1324 state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the

6

extent that a response is necessary, Defendant-Intervenor denies that the California Values Act forces local jurisdictions to violate 8 U.S. Code § 1324 but admits that it limits local jurisdictions' ability to participate in joint task forces for the sole purpose of enforcing federal immigration law.

35.    Defendant-Intervenor admits that the California Values Act places limits on local law enforcement agencies' interactions with federal agencies for the sole purpose of enforcing federal immigration law but denies that the relevant CVA sections absolutely "restrict cooperation" with the Federal Government.

36.    The allegations in Paragraph 36 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor denies that the California Values Act allows smugglers to traffic people for financial gain and avers that the statute speaks for itself.

37.    The allegations in Paragraph 37 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor denies that the California Values Act places immigrants at greater risk of being trafficked.

38.    Defendant-Intervenor avers that Cal. Gov. Code § 7284.6(a)(1)(A) speaks for itself.  To the extent that a response is necessary, Defendnat-Intervenor admits that the provision prohibits local law enforcement from enquiring about an individual's immigration status for federal immigration purposes. *See Cal. Gov. Code § 7284.6(a)(1).*

39.     The allegations in Paragraph 39 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required.

40.     The allegations in Paragraph 40 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor denies characterizations that undocumented California residents are not also California taxpayers.

41.     The allegations in Paragraph 41 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor denies characterizations that undocumented California residents are not also California taxpayers.

42.     The allegations in Paragraph 42 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor denies characterizations that undocumented California residents are not also California taxpayers.

43.     The allegations in Paragraph 43 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor denies characterizations that undocumented California residents are not also California taxpayers.

8

44.     Defendant-Intervenor admits that Governor Newsome convened a special session to address how the state would protect the civil rights of all immigrant families.[1]

45.     Defendant-Intervenor admits that some news outlets have reported as described in paragraph 45.

46.     The allegations in Paragraph 46 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor admits that Politico reported as described in paragraph 46 but denies that the Commandeering Doctrine applies to States in relation to local governments.

47.     The allegations in Paragraph 47 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor admits that Defendant Rob Bonta issued guidance on December 17, 2024, to help all California immigrants better understand their rights and protections under the law.[2]

48.     The allegations in Paragraph 48 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor admits that the press release informs people of their rights but denies that that informing people of their rights violates or conflicts with either state or federal law.

---

[1] https://www.gov.ca.gov/2024/11/07/special-session-ca-values/
[2] https://oag.ca.gov/news/press-releases/attorney-general-bonta-reminds-california-immigrants-their-rights-and

9

## C.    Federal Authorities

49.    Defendant-Intervenor admits the allegations in paragraph 49 and avers that the clause speaks for itself.

50.    The allegations in Paragraph 50 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required.

51.    The allegations in Paragraph 51 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor admits that *Arizona v. United States*, 567 U.S. 387 (2012) is a decision of the United States Supreme Court and avers that the decision speaks for itself.

52.    The allegations in Paragraph 52 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor admits that *Harisiades v. Shaughnessy, 342 U.S. 580 (1952)* is a decision of the United States Supreme Court and avers that the decision speaks for itself.

53.    The allegations in Paragraph 53 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor admits that the cases cited by Plaintiffs are decisions of the United States Supreme Court and avers that the decisions speak for itself.

54.    Defendant-Intervenor admits Paragraph 5 of the Complaint.

10

55.    The allegations in Paragraph 55 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiff's action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor admits that 8 U.S.C. § 1324(a)(1)(A)(i) is a federal statute and avers that it speaks for itself.

56.    The allegations in Paragraph 56 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiff's action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor admits that 8 U.S.C. § 1324(a)(1)(A)(iii) is a federal statute and avers that it speaks for itself.

57.    Defendant-Intervenor admits that 8 U.S.C. § 1324 is a federal statute and avers that it speaks for itself.

58.    Defendant-Intervenor admits that 8 U.S.C. § 1324(a) is a federal statute and avers that it speaks for itself.

59.    Defendant-Intervenor admits that 18 U.S.C. § 4 is a federal statute and avers that it speaks for itself.

60.    Defendant-Intervenor admits that 18 U.S.C. § 371 is a federal statute and avers that it speaks for itself.

61.    Defendant-Intervenor admits that 18 U.S.C. § 372 is a federal statute and avers that it speaks for itself.

62.    Defendant-Intervenor admits that the 10th Amendment is an amendment to the United States Constitution and avers that it speaks for itself.

63.    The allegations in Paragraph 63 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiff's action and claims for relief, to which no response is required.

11

64.     The allegations in Paragraph 64 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiff's action and claims for relief, to which no response is required.

65.     The allegations in Paragraph 65 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiff's action and claims for relief, to which no response is required.

66.     The allegations in Paragraph 66 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor admits that *City of New York v. United States, 179 F.3d 29, 35 (2d Circ. 1999)* is a decision of the United States Court of Appeals for the Second Circuit and avers that the decision speaks for itself.

### D.    Supremacy Clause of the U.S. Constitution

67.     Defendant-Intervenor admits that the Supremacy Clause is a provision within Article VI of U.S. Constitution and avers that it speaks for itself.

68.     Defendant-Intervenor admits that the Supremacy Clause is a provision within Article VI of U.S. Constitution and avers that it speaks for itself.

69.     The allegations in Paragraph 69 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor admits that *Geo Group, Inc. v. Newsom,* 50 F.4th 745, 750 (9th Circ. 2022) is a decision of the United States Court of Appeals for the Ninth Circuit and avers that the decision speaks for itself.

70.     Defendant-Intervenor admits that articles IV and II are provisions of the U.S. Constitution and avers that they speak for themselves.

12

[PROPOSED] DEFENDANT-INTERVENOR NATIONAL DAY LABORER ORGANIZING NETWORK'S ANSWER TO PLAINTIFFS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND COUNTER-CLAIMS

8:25-CV-00026-SSS-PD

71.    Defendant-Intervenor admits that clauses 3 and 4 are provisions of Article I of the U.S. Constitution and avers that they speak for themselves.

72.    Defendant-Intervenor admits that *U.S. v. King County, et. al.,* is a decision of the United States Court of Appeals for the Ninth Circuit and avers that the decision speaks for itself

73.    The allegations in Paragraph 73 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor admits that *Geo Group, Inc. v. Newsom,* 50 F.4th 745, 750 (9th Circ. 2022) is a decision of the United States Court of Appeals for the Ninth Circuit and avers that the decision speaks for itself.

74.    The allegations in Paragraph 74 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor admits that *Geo Group, Inc. v. Newsom,* 50 F.4th 745, 750 (9th Circ. 2022) is a decision of the United States Court of Appeals for the Ninth Circuit and avers that the decision speaks for itself.

75.    The allegations in Paragraph 75 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required.

76.    The allegations in Paragraph 76 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor admits that *Arizona. v. United States* is a decision of the United States Supreme Court and avers that the decision speaks for itself. Defendant-Intervenor further avers that *City of New York v. United States* is a

13

decision of the United States Court of Appeals for the Second Circuit whose reasoning has already been rejected by the Ninth Circuit and avers that the decision speaks for itself. *See United States v. California*, 921 F.3d 865 (9th Cir. 2019).

77.    The allegations in Paragraph 77 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor admits that *De Canas. v. Bica* is a decision of the United States Supreme Court and avers that the decision speaks for itself.

78.    The allegations in Paragraph 78 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor admits that *Arizona Dream Act Coal. v. Brewer* and *United States v. Texas* are decisions of the United States Court of Appeals for the Ninth Circuit and the United States Supreme Court, respectively, and avers that the decisions speak for themselves.

79.    The allegations in Paragraph 79 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor admits that *Arizona. v. United States* is a decision of the United States Supreme Court and avers that the decision speaks for itself.

80.    The allegations in Paragraph 80 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor admits that *Valle Del Sol Inc. v. Whiting,* 732 F.3d 1006 (9th Cir. 2019), is a decision of the United States Court of Appeals for the Ninth Circuit and avers that the decision speaks for itself.

14

81.    The allegations in Paragraph 81 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor admits that Dan Lungren published a non-binding opinion while California Attorney General in 1992 on the topic of whether a city could prohibit its officers and employees from cooperating in their official capacities with Immigration and Naturalization Service investigation, detention, or arrest procedures related to alleged violations of the civil provisions of the federal immigration laws and avers that the opinion speaks for itself.

82.    The allegations in Paragraph 82 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor admits that Dan Lungren's November 1992 opinion speaks for itself.

83.    The allegations in Paragraph 83 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor admits that Dan Lungren's November 1992 opinion speaks for itself

84.    The allegations in Paragraph 84 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor admits that Dan Lungren's November 1992 opinion speaks for itself.

85.    The allegations in Paragraph 85 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and

15

claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor admits that Dan Lungren's November 1992 opinion speaks for itself

86.    The allegations in Paragraph 86 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor admits that Dan Lungren's November 1992 opinion speaks for itself.

87.    The allegations in Paragraph 87 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor admits that Dan Lungren's November 1992 opinion speaks for itself.

88.    The allegations in Paragraph 88 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor admits that Dan Lungren's November 1992 opinion speaks for itself.

89.    The allegations in Paragraph 89 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor admits that Dan Lungren's November 1992 opinion speaks for itself

90.    The allegations in Paragraph 90 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and

16

claims for relief, to which no response is required. To the extent that a response is necessary, Defendant denies every averment in Paragraph 90.

**E.    Obstruction Caused by the Sanctuary State Law**

91.    The allegations in Paragraph 91 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant denies every averment in Paragraph 91.

92.    The allegations in Paragraph 92 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor admits that the cases cited by Plaintiffs are court decisions and avers that they speak for themselves

93.    The allegations in Paragraph 93 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor admits that *Georgia Latina Alliance for Human Rights v. Governor of GA* is a decision of the United States Court of Appeals for the Eleventh Circuit and avers that the decision speaks for itself.

94.    The allegations in Paragraph 94 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor denies each and every averment in Paragraph 94.

95.    The allegations in Paragraph 95 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor admits that *Gade v. National Solid Wastes*

17

*Management Association* is a decision of the United States Supreme Court and avers that the decision speaks for itself.

96.   The allegations in Paragraph 96 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor denies each and every averment in Paragraph 96.

97.   The allegations in Paragraph 97 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor denies each and every averment in Paragraph 97.

98.   The allegations in Paragraph 98 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor denies each and every averment in Paragraph 98.

99.   The allegations in Paragraph 99 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor denies each and every averment in Paragraph 99.

100.   Defendant-Intervenor admits Paragraph 100 of the Complaint.

101.   Defendant-Intervenor avers that it is without sufficient information or knowledge to form a belief as to the averments in Paragraph 101 of the Complaint regarding statements made by Sheriff Barnes. To the extent that a response is necessary, Defendant-Intervenor avers that Plaintiffs' Exhibit A speaks for itself.

102.   Defendant-Intervenor avers that it is without sufficient information or knowledge to form a belief as to the averments in Paragraph 102 of the complaint. To the extent that a response is necessary, Defendant-Intervenor avers that

18

Plaintiffs' Exhibit A speaks for itself. and avers that Plaintiffs' Exhibit B speaks for itself.

103.    Defendant-Intervenor avers that it is without sufficient information or knowledge to form a belief as to the averments in Paragraph 103 of the complaint. To the extent that a response is necessary, Defendant-Intervenor avers that Plaintiffs' Exhibit C speaks for itself.

104.    Defendant-Intervenor avers that it is without sufficient information or knowledge to form a belief as to the averments in Paragraph 104 of the complaint. To the extent that a response is necessary, Defendant-Intervenor avers that Plaintiffs' Exhibit D speaks for itself.

105.    Defendant-Intervenor avers that it is without sufficient information or knowledge to form a belief as to the averments in Paragraph 105 of the complaint. To the extent that a response is necessary, Defendant-Intervenor avers that Plaintiffs' Exhibit D speaks for itself.

106.    Defendant-Intervenor avers that it is without sufficient information or knowledge to form a belief as to the averments in Paragraph 106 of the complaint. To the extent that a response is necessary, Defendant-Intervenor avers that Plaintiffs' Exhibit E speaks for itself.

107.    Defendant-Intervenor avers that it is without sufficient information or knowledge to form a belief as to the averments in Paragraph 107 of the complaint. To the extent that a response is necessary, Defendant-Intervenor avers that Plaintiffs' Exhibit E speaks for itself.

108.    Defendant-Intervenor avers that it is without sufficient information or knowledge to form a belief as to the averments in Paragraph 108 of the complaint. To the extent that a response is necessary, Defendant-Intervenor avers that Plaintiffs' Exhibit F speaks for itself.

19

109.    Defendant-Intervenor avers that it is without sufficient information or knowledge to form a belief as to the averments in Paragraph 109 of the complaint. To the extent that a response is necessary, Defendant-Intervenor avers that Plaintiffs' Exhibit F speaks for itself.

110.    The allegations in Paragraph 110 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor denies each and every averment in Paragraph 110.

111.    The allegations in Paragraph 111 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required.

112.    The allegations in Paragraph 112 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor denies each and every averment in Paragraph 112; The CVA expressly limits local law enforcement agencies' participation in operations specifically for the enforcement of immigration law while human trafficking is addressed by other statutes that are not even raised in Plaintiffs complaint. The CVA further allows local law enforcement to share the immigration status of detainees upon their *conviction* for serious crimes. *See Cal. Gov't Code § 7282.5* (West).

113.    The allegations in Paragraph 113 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor admits that that local law enforcement agencies are prohibited from asking an employer about the immigration status of its

20

[PROPOSED] Defendant-Intervenor National Day Laborer
Organizing Network's Answer to Plaintiffs' Complaint
For Declaratory and Injunctive Relief and
Counter-Claims                                            8:25-cv-00026-SSS-PD

employees for the sole purpose of enforcing federal immigration law and avers that
Cal. Gov. Code § 7284.6 (a)(1)(A) speaks for itself.

## FIRST CAUSE OF ACTION

### Alleged Violation of the Supremacy Clause of Article VI, Clause 2 of the United States Constitution

114.   Answering Paragraph 114 of the Complaint, Defendant-Intervenor repeats and incorporates herein by reference each and all of the denials, admissions, and averments set forth in their answers to Paragraphs 1 through 113 of the Complaint as though fully set forth herein.

115.   The allegations in Paragraph 115 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required.

116.   The allegations in Paragraph 116 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor denies each and every averment in Paragraph 116 as the Ninth Circuit has already addressed whether SB 54 violates the Supremacy Clause, affirming the lower court's decision that frustration does not constitute obstacle preemption where a federal law otherwise mandating state and local law enforcement assistance would subvert the anti-commandeering doctrine of the Tenth Amendment principles. *See United States v. California*, 921 F.3d 865, 888 (9th Cir. 2019).

117.   The allegations in Paragraph 117 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor admits that *Geo Group, Inc. v. Newsom* is a

21

decision of the United States Court of Appeals for the Ninth Circuit and avers that the decision speaks for itself.

118.   The allegations in Paragraph 118 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor denies each and every averment in Paragraph 118 as the Ninth Circuit has already addressed whether SB 54 violates the Supremacy Clause, affirming the lower court's decision that frustration does not constitute obstacle preemption where a federal law otherwise mandating state and local law enforcement assistance would subvert the anti-commandeering doctrine of the Tenth Amendment principles. *See United States v. California*, (9th Cir. 2019).

119.   The allegations in Paragraph 119 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor denies each and every averment in Paragraph 119.

120.   The allegations in Paragraph 120 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor denies each and every averment in Paragraph 120. Plaintiffs' allegations mischaracterize the law as the CVA expressly limits conduct for the sole purpose of enforcing federal immigration law. *See Cal. Gov. Code §§ 7282.5*, et seq.

121.   The allegations in Paragraph 121 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiff's action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor denies each and every averment in Paragraph 121

22

and emphasize that law enforcement agencies are allowed to participate in joint task forces whose primary purpose is not enforcement of immigration law. *See Cal. Gov't Code § 7284.6* (West). The CVA additionally does not preclude the exchange of information under §§ 1373 and 1644 of Title 8 of the United States Code.

122.   The allegations in Paragraph 122 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiff's action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor denies each and every averment in Paragraph 122 and emphasize that law enforcement agencies are allowed to participate in joint task forces whose primary purpose is not enforcement of immigration law. *See Cal. Gov't Code § 7284.6* (West).

123.   Defendant-intervenor admits that the CVA places limitations on the cooperation between local law enforcement agencies and the federal government for the purpose of enforcing federal immigration law and avers that the statute speaks for itself.

124.   The allegations in Paragraph 124 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor denies each and every averment in Paragraph 124.

125.   The allegations in Paragraph 125 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor denies each and every averment in Paragraph 125 as it is logically impossible to prevent crimes before they happen and there are

23

1  many other statutes addressing human trafficking under which the CVA does not

2  restrict cooperation.[3]

3       126.   The allegations in Paragraph 126 of the Complaint state legal

4  conclusions and argument that constitute characterizations of Plaintiffs' action and

5  claims for relief, to which no response is required. To the extent that a response is

6  necessary, Defendant-Intervenor denies each and every averment in Paragraph 126.

7       127.   Defendant-Intervenor denies that Plaintiffs have suffered any harm.

8                           **SECOND CAUSE OF ACTION**

9       **Alleged Violation of the Naturalization Clause of Article I, Section 8,**

10                  **Clause 2 of the United States Constitution**

11      128.   Answering Paragraph 128 of the Complaint, Defendant-Intervenor

12  repeats and incorporates herein by reference each and all of the denials, admissions,

13  and averments set forth in their answers to Paragraphs 1 through 127 of the

14  Complaint as though fully set forth herein.

15      129.   The allegations in Paragraph 129 of the Complaint state legal

16  conclusions and argument that constitute characterizations of Plaintiffs' action and

17  claims for relief, to which no response is required.

18      130.   Defendant-Intervenor admits that the Naturalization Clause is a

19  provision within Article I, Section 8, of U.S. Constitution and avers that it speaks

20  for itself.

21      131.   The allegations in Paragraph 131 of the Complaint state legal

22  conclusions and argument that constitute characterizations of Plaintiffs' action and

23  claims for relief, to which no response is required. To the extent that a response is

24  necessary, that the Naturalization Clause is a provision within Article I, Section 8,

25  of U.S. Constitution and avers that it speaks for itself.

26  ───────────────

[3] https://www.dhs.gov/human-trafficking-laws-regulations

27                                      24

28  [PROPOSED] DEFENDANT-INTERVENOR NATIONAL DAY LABORER
ORGANIZING NETWORK'S ANSWER TO PLAINTIFFS' COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF AND
COUNTER-CLAIMS                                    8:25-CV-00026-SSS-PD

132.    The allegations in Paragraph 132 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor admits that *Arizona. v. United States* is a decision of the United States Supreme Court and avers that the decision speaks for itself.

133.    The allegations in Paragraph 133 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor denies each and every averment in Paragraph 133.

134.    The allegations in Paragraph 134 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor denies each and every averment in Paragraph 134.

135.    The allegations in Paragraph 135 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor denies each and every averment in Paragraph 135.

136.    The allegations in Paragraph 136 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor denies each and every averment in Paragraph 136.

137.    Defendant-intervenor admits that the CVA places limitations on the cooperation between local law enforcement agencies and the federal government for the purpose of enforcing federal immigration law and avers that the statute speaks for itself.

25

138.    The allegations in Paragraph 138 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor denies each and every averment in Paragraph 138.

139.    The allegations in Paragraph 139 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor denies each and every averment in Paragraph 139; Local law enforcement may still investigate violations of state human trafficking laws and participate in joint task forces so long as the primary purpose of the operation is not enforcement of federal immigration laws. *See Cal. Gov't Code § 7284.6* (West).

140.    The allegations in Paragraph 140 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor admits that that local law enforcement agencies are prohibited from asking an employer about the immigration status of its employees for the sole purpose of enforcing federal immigration law and avers that Cal. Gov. Code § 7284.6 (a)(1)(A) speaks for itself.

141.    The allegations in Paragraph 141 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor denies each and every averment in Paragraph 141, rejects characterizations that undocumented California residents are not also California taxpayers, and avers that statements made by State Defendants speak for themselves.

26

142.    The allegations in Paragraph 142 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor denies each and every averment in Paragraph 142, rejects illogical characterizations that informing people of their rights under the law is a crime, and avers that statements made by State Defendants speak for themselves.

143.    The allegations in Paragraph 143 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor denies each and every averment in Paragraph 143, rejects illogical characterizations that informing people of their rights under the law is a crime, and avers that statements made by State Defendants speak for themselves.

144.    The allegations in Paragraph 144 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor admits that *City of New York v. United States* is a decision of the United States Court of Appeals for the Second Circuit and avers that the decision speaks for itself.

145.    The allegations in Paragraph 145 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor denies each and every averment in Paragraph 145.

146.    Defendant-Intervenor denies that Plaintiffs have suffered any harm.

27

**THIRD CAUSE OF ACTION**

**Alleged Violation U.S. Federal Immigration Laws (Title 8, U.S.C. § 1324)**

147.   Answering Paragraph 147 of the Complaint, Defendant-Intervenor repeats and incorporates herein by reference each and all of the denials, admissions, and averments set forth in their answers to Paragraphs 1 through 146 of the Complaint as though fully set forth herein.

148.   The allegations in Paragraph 148 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required.

149.   Defendant-Intervenor admits that Title 8, U.S.C. § 1324 is a federal statute and avers that it speaks for itself.

150.   Defendant-Intervenor admits that Title 8, U.S.C. § 1324 is a federal statute and avers that it speaks for itself.

151.   Defendant-Intervenor admits that Title 8, U.S.C. § 1324 is a federal statute and avers that it speaks for itself.

152.   Defendant-Intervenor admits that Title 8, U.S.C. § 1324 is a federal statute and avers that it speaks for itself.

153.   The allegations in Paragraph 153 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor denies each and every averment in Paragraph 153.

154.   The allegations in Paragraph 154 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor denies each and every averment in Paragraph 154.

28

[PROPOSED] DEFENDANT-INTERVENOR NATIONAL DAY LABORER ORGANIZING NETWORK'S ANSWER TO PLAINTIFFS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND COUNTER-CLAIMS

8:25-CV-00026-SSS-PD

155.   The allegations in Paragraph 155 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiff's action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor denies each and every averment in Paragraph 155 and emphasizes that law enforcement agencies are allowed to participate in joint task forces whose primary purpose is not enforcement of immigration law. *See Cal. Gov't Code § 7284.6* (West). The CVA additionally does not preclude the exchange of information under §§ 1373 and 1644 of Title 8 of the United States Code.

156.   The allegations in Paragraph 156 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiff's action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor denies each and every averment in Paragraph 156 and emphasize that law enforcement agencies are allowed to participate in joint task forces whose primary purpose is not enforcement of immigration law. *See Cal. Gov't Code § 7284.6* (West).

157.   Defendant-intervenor admits that the CVA places limitations on the cooperation between local law enforcement agencies and the federal government for the purpose of enforcing federal immigration law and avers that the statute speaks for itself.

158.   The allegations in Paragraph 158 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor denies each and every averment in Paragraph 158.

159.   The allegations in Paragraph 159 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is

29

necessary, Defendant-Intervenor denies each and every averment in Paragraph 159 as it is logically impossible to prevent crimes before they happen and there are many other statutes addressing human trafficking under which the CVA does not restrict cooperation.

160.   The allegations in Paragraph 160 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor denies each and every averment in Paragraph 160.

161.   Defendant-Intervenor denies that Plaintiffs have suffered any harm.

## FOURTH CAUSE OF ACTION

### Alleged Violation U.S. Federal Immigration Laws (Title 8, U.S.C. § 1373)

162.   Answering Paragraph 162 of the Complaint, Defendant-Intervenor repeats and incorporates herein by reference each and all of the denials, admissions, and averments set forth in their answers to Paragraphs 1 through 161 of the Complaint as though fully set forth herein.

163.   The allegations in Paragraph 163 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required.

164.   Defendant-Intervenor admits that Title 8, U.S.C. § 1373 is a federal statute and avers that it speaks for itself.

165.   The allegations in Paragraph 165 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor denies each and every averment in Paragraph 165.

166.   The allegations in Paragraph 166 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiff's action and

30

claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor denies each and every averment in Paragraph 166.

167.   The allegations in Paragraph 167 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor denies each and every averment in Paragraph 167.

168.   The allegations in Paragraph 168 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor denies each and every averment in Paragraph 168.

169.   Defendant-Intervenor denies that Plaintiffs have suffered any harm.

## FIFTH CAUSE OF ACTION

## Alleged Violation U.S. Federal Immigration Laws (Title 18, U.S.C. §§ 4, 371, AND 372)

170.   Answering Paragraph 170 of the Complaint, Defendant-Intervenor repeats and incorporates herein by reference each and all of the denials, admissions, and averments set forth in their answers to Paragraphs 1 through 169 of the Complaint as though fully set forth herein.

171.   The allegations in Paragraph 171 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required.

172.   Defendant-Intervenor admits that Title 18, U.S.C. § 4 is a federal statute and avers that it speaks for itself.

173.   Defendant-Intervenor admits that Title 8, U.S.C. § 371 is a federal statute and avers that it speaks for itself.

31

[PROPOSED] DEFENDANT-INTERVENOR NATIONAL DAY LABORER ORGANIZING NETWORK'S ANSWER TO PLAINTIFFS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND COUNTER-CLAIMS

8:25-CV-00026-SSS-PD

174.   Defendant-Intervenor admits that Title 8, U.S.C. § 372 is a federal statute and avers that it speaks for itself.

175.   The allegations in Paragraph 175 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor denies each and every averment in Paragraph 175.

176.   The allegations in Paragraph 176 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor denies each and every averment in Paragraph 176.

177.   Defendant-intervenor admits that the CVA places limitations on the cooperation between local law enforcement agencies and the federal government for the purpose of enforcing federal immigration law and avers that the statute speaks for itself.

178.   The allegations in Paragraph 178 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiff's action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor denies each and every averment in Paragraph 178 and emphasizes that law enforcement agencies are allowed to participate in joint task forces whose primary purpose is not enforcement of immigration law. *See Cal. Gov't Code § 7284.6* (West). The CVA additionally does not preclude the exchange of information under §§ 1373 and 1644 of Title 8 of the United States Code.

179.   Defendant-intervenor admits that the CVA places limitations on the cooperation between local law enforcement agencies and the federal government for the purpose of enforcing federal immigration law and avers that the statute speaks for itself.

32

180.   The allegations in Paragraph 180 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor denies each and every averment in Paragraph 180.

181.   The allegations in Paragraph 181 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor denies each and every averment in Paragraph 181 as it is logically impossible to prevent crimes before they happen and there are many other statutes addressing human trafficking under which the CVA does not restrict cooperation.

182.   The allegations in Paragraph 182 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor denies each and every averment in Paragraph 182.

183.   Defendant-Intervenor denies that Plaintiffs have suffered any harm.

## SIXTH CAUSE OF ACTION

### Alleged Violation of California Penal Code (§§ 31 and 32)

184.   Answering Paragraph 184 of the Complaint, Defendant-Intervenor repeats and incorporates herein by reference each and all of the denials, admissions, and averments set forth in their answers to Paragraphs 1 through 183 of the Complaint as though fully set forth herein.

185.   Defendant-Intervenor admits that California Penal Code § 31 is a California statute and avers that it speaks for itself.

186.   Defendant-Intervenor admits that California Penal Code § 32 is a California statute and avers that it speaks for itself.

33

187.   The allegations in Paragraph 187 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor denies each and every averment in Paragraph 187.

188.   The allegations in Paragraph 188 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor denies each and every averment in Paragraph 188.

189.   The allegations in Paragraph 189 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor denies each and every averment in Paragraph 189.

190.   The allegations in Paragraph 190 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor denies each and every averment in Paragraph 190.

191.   The allegations in Paragraph 191 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required.

192.   The allegations in Paragraph 192 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor denies each and every averment in Paragraph 192.

193.   The allegations in Paragraph 193 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and

34

claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor denies each and every averment in Paragraph 193.

194.    Defendant-Intervenor denies that Plaintiffs have suffered any harm.

## SEVENTH CAUSE OF ACTION

### Alleged Violation of Article XX, § 3 of the California Constitution

195.    Answering Paragraph 195 of the Complaint, Defendant-Intervenor repeats and incorporates herein by reference each and all of the denials, admissions, and averments set forth in their answers to Paragraphs 1 through 194 of the Complaint as though fully set forth herein.

196.    The allegations in Paragraph 196 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required.

197.    Defendant-Intervenor admits that Article XX, § 3 is a provision of the California Constitution and avers that it speaks for itself.

198.    Defendant-Intervenor admits that Article XX, § 3 is a provision of the California Constitution and avers that it speaks for itself.

199.    The allegations in Paragraph 199 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor denies each and every averment in Paragraph 199.

200.    The allegations in Paragraph 200 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor denies each and every averment in Paragraph 200.

201.    The allegations in Paragraph 201 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and

35

[PROPOSED] DEFENDANT-INTERVENOR NATIONAL DAY LABORER ORGANIZING NETWORK'S ANSWER TO PLAINTIFFS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND COUNTER-CLAIMS

8:25-CV-00026-SSS-PD

claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor denies each and every averment in Paragraph 201.

202.   The allegations in Paragraph 202 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor denies each and every averment in Paragraph 202.

203.   The allegations in Paragraph 203 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor denies each and every averment in Paragraph 203.

204.   The allegations in Paragraph 204 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor denies each and every averment in Paragraph 204.

Defendant-Intervenor denies that Plaintiffs have suffered any harm

205.   The allegations in Paragraph 205 of the Complaint state legal conclusions and argument that constitute characterizations of Plaintiffs' action and claims for relief, to which no response is required. To the extent that a response is necessary, Defendant-Intervenor denies each and every averment in Paragraph 205.

206.   Defendant-Intervenor denies that Plaintiffs have suffered any harm.

## COSTS AND ATTORNEYS' FEES

207.   Defendant-Intervenor denies that Plaintiffs are entitled to an award of costs, including reasonable attorney's fees, incurred in the litigation of this case

## PRAYER FOR RELIEF

The remainder of the Complaint—including the WHEREFORE clause, Paragraphs 1 through 5—contains Plaintiff's requests for relief, to which no response

36

is required. To the extent that any response to those parts of the Complaint is deemed to be required, Defendant-Intervenor denies all of the allegations set forth therein and denies that Plaintiffs are entitled to any of the relief requested or to any other forms of relief whatsoever.

## AFFIRMATIVE DEFENSES

As and for their affirmative defenses to the cause of action purported to be set forth by Plaintiffs in the Complaint, Defendant-Intervenor alleges as follows, subject to Defendant-Intervenor's rights to amend and assert such other affirmative defenses as may become available during discovery in this action:

Because the Complaint is couched in conclusory terms, Defendant-Intervenor cannot fully anticipate all affirmative defenses that may be applicable to the claims asserted therein. Accordingly, Defendant-Intervenor reserves the right to assert additional affirmative defenses to the complaint, whether under law, equity, or otherwise, if and to the extent that such affirmative defenses are discovered and apply.

**WHEREFORE**, Defendant-Intervenor respectfully requests as follows:

1.  That Plaintiffs' Complaint and the cause of action therein be dismissed with prejudice;

2.  That Plaintiffs take nothing by way of the Complaint;

3.  That Defendant-Intervenor be awarded costs of the suit and attorneys' fees herein;

That the Court order such other and further relief for Defendant-Intervenor as the Court may deem appropriate.

37

1

## NDLON'S COUNTERCLAIMS FOR DECLARATORY JUDGMENT AND RELIEF
## AND INJUNCTIVE RELIEF

2

3

4    1.  The City of Huntington Beach, the Huntington Beach City Council, the Huntington Beach Police Department, and the Huntington Beach Police Chief (hereinafter, "City Plaintiffs") act in direct violation of the California Values Act of 2017 ("CVA"), Cal. Gov. Code §§ 7282.5, et seq.

5

6

7

8    2.  The CVA is a valid enactment of law by the State of California and bars state and local police from investigating, interrogating, or arresting people for purely immigration enforcement purposes, and limits police cooperation with federal immigration officials.

9

10

11

12    3.  City Plaintiffs do not await a decision by this Court in this lawsuit that might enable them to enforce immigration law as they see fit.  Rather, the City of Huntington Beach and other Plaintiffs flout California law in order to target undocumented residents of the State of California.

13

14

15

16    4.  Huntington Beach's Resolution 2025-01 violates the CVA and is unconstitutional under the Fourth and Fourteenth Amendments to the U.S. Constitution.  City Plaintiffs' actions include, but are not limited to, ordering Huntington Beach law enforcement and city personnel to cooperate with immigration enforcement officials and to honor ICE detainers to detain individuals beyond the time of their scheduled release based on local or state offenses.

17

18

19

20

21

22    ## JURISDICTION AND VENUE

23    5.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 over Defendant Intervenor's causes of action under the United States Constitution and federal statutes. This Court also has subject matter jurisdiction under and may grant Defendant-Intervenor's request for declaratory and injunctive relief under 28 U.S.C.

24

25

26

27    38

28

§§ 2201 and 2202. This Court has supplemental jurisdiction over Defendant-Intervenor and Counterclaimant NDLON's state-law claims under 28 U.S.C. § 1367.

6. Venue is proper in this district. 28 U.S.C. §1391 (e)(1).

## PARTIES

7. Defendant-Intervenor and Counterclaimant National Day Laborer Organizing Network ("NDLON") is a non-profit organization founded in 2001. Its mission is to improve the lives of immigrant day laborers in the United States through nationwide advocacy and organizing efforts in coordination with 49 member organizations in 19 states, including California.

8. Many of Defendant-Intervenor and Counterclaimant NDLON's individual members and its organizational members' individual members are undocumented and immigrant workers in California. NDLON has individual members in Orange County and Pasadena, California.

9. Plaintiff City of Huntington Beach is a municipal corporation in California.

10. Plaintiff Huntington Beach City Council is the elected body of seven members serving as Huntington Beach's City Council.

11. Plaintiff Huntington Beach Police Department is the local municipal law enforcement department of the City of Huntington Beach.

## FACTUAL ALLEGATIONS

12. On October 5, 2017, California Governor Jerry Brown signed into law a bill passed by the California Legislature called Senate Bill 54, also known as the California Values Act.

13. The CVA was passed by the California Legislature, "[t]o protect the safety and well-being of all Californians by ensuring that state and local resources are not used to fuel mass deportations, separate families, and ultimately hurt California's

39

economy."[4] The Legislature recognized that, "A relationship of trust between California's immigrant residents and our state and local agencies, including police, schools, and hospitals, is essential to carrying out basic state and local functions. That trust is threatened when state and local agencies are involved in immigration enforcement."[5]

14. Under the CVA, California law enforcement agencies "shall not[…]use agency or department moneys or personnel to investigate, interrogate, detain, detect, or arrest persons for immigration enforcement purposes."  Cal. Gov't Code § 7284.6(a)(1).

15. Also under the CVA, law enforcement agencies may not, among other actions, inquire into an individual's immigration status, detain an individual on the basis of an immigration "hold" request, provide information regarding a person's release date to immigration authorities or respond to requests for such information, make or intentionally participate in arrests based on civil immigration warrants, perform the functions of an immigration officer, or place peace officers under the supervision of immigration authorities.  Cal. Gov't Code § 7284.6(a)(1)(A)-(G).

16. Law enforcement agencies are also prohibited from placing peace officers under the supervision of federal agencies and employing peace officers deputized as special federal officers or special federal duties for purposes of immigration enforcement. Cal. Gov't Code § 7284.6(a)(2).

17. Federal courts have already held that federal immigration law does not preempt the CVA and that California has the right, under the anticommandeering rule

---

[4] https://www.iceoutofca.org/uploads/2/5/4/6/25464410/factsheet_california_values_act_sb_54-4.13.17__1_.pdf

[5] *Id.*

of the Tenth Amendment to the U.S. Constitution, to refrain from assisting with federal immigration law enforcement efforts.

18. On January 21, 2025 the Huntington Beach City Council ("the Council") voted unanimously to ignore the California Values Act. The Council passed Resolution 2025-01, which declared the City of Huntington Beach a "Non-Sanctuary City."

19. Resolution 2025-01 directs Huntington Beach police officers to "follow" all federal law, including Title 9 U.S. Code Sections 1324 and 1373 as well as Title 18 U.S Code Sections 371 and 372 specifically. The resolution further declares that the city and all of its departments will "…deploy every means and resource necessary…" to achieve this end, including honoring ICE detainers.

20. Section 4 of Resolution 2025-01 declares that the City of Huntington Beach and all of its departments will cooperate with the Trump Administration, Tom Homan, and any federal agency to increase local law enforcement efforts to "combat all crimes," including Title 9 U.S. Code Sections 1324 and 1373 as well as Title 18 U.S Code Sections 371 and 372.

21. Section 5 of Resolution 2025-01 orders the city attorney to take any legal action necessary to carry out the resolution, including defending any action brought by the state of California against the provisions of the resolution.

22. Mayor Pat Burns said in support of Resolution 2025-01 at the Huntington Beach City Council meeting on January 21, 2025, that declaring the city a "non-sanctuary city" and cooperating with federal immigration authorities would make Huntington Beach safer and said, "Huntington Beach first," echoing the slogan of President Donald J. Trump—"America First."

23. Then-serving Huntington Beach City Attorney Michael Gates also spoke during the January 21 meeting, noting that the United States Court of Appeals for the

41

Ninth Circuit upheld the CVA in 2019, specifically citing that the CVA was valid under the Tenth Amendment prohibiting commandeering. He then said that the CVA "impeded" the abilities of local law enforcement to comply with federal immigration law, which he said went beyond the Tenth Amendment and interfered with local law enforcement compliance with federal law, including federal criminal provisions.

24. NDLON has members who work or reside in Huntington Beach. Resolution 2025-01 violates their rights under the Fourth Amendment, as well as the Due Process and Equal Protection Clauses to the Fourteenth Amendment to the U.S. Constitution.

25. Defendant-Intervenor NDLON and its members will continue to be injured if City of Huntington Beach Plaintiffs are permitted to violate the California Values Act. Huntington Beach's unlawful attempts to enforce federal immigration law will frustrate Defendant-Intervenor NDLON's mission of assisting undocumented and immigrant workers with labor advocacy, wage theft, and other worker issues in the City by causing NDLON's constituents and members to be detained, deported, or fearful of participation in NDLON activities. NDLON's members themselves will be harmed by Huntington Beach's attempts to enforce immigration law and the city's unlawful cooperation with federal immigration authorities.

26. NDLON's activities assisting workers and allowing immigrants to contribute openly to their communities will be frustrated because local law enforcement cooperation with federal immigration law enforcement will have a chilling effect on the participation of its members and member organizations' members in California.

## CAUSES OF ACTION

## COUNT I

## (Declaratory Judgment – Valid Enactment of State Law Under the U.S. Constitution)

42

[PROPOSED] DEFENDANT-INTERVENOR NATIONAL DAY LABORER ORGANIZING NETWORK'S ANSWER TO PLAINTIFFS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND COUNTER-CLAIMS

8:25-CV-00026-SSS-PD

27. Defendant-Intervenor and Counterclaimant NDLON incorporates by reference the allegations in all preceding paragraphs.

28. Article VI, Clause 2 of the U.S. Constitution states that federal law "shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."

29. Under the Supremacy Clause, Congress has the power to preempt state law. State laws are preempted when they conflict with federal law, which includes cases where compliance with both federal and state regulations is a physical impossibility and where the state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.

30. Under the Tenth Amendment and other provisions of the Constitution, "the Federal Government may not compel the States to implement, by legislation or executive action, federal regulatory programs." *See United States v. California*, 921 F.3d 865, 888 (9th Cir. 2019) (internal citations omitted).

31. Because California retains the right of refusal to participate in federal programs and enforcement efforts, the CVA's reflection of California's choice to refrain from participation in such efforts is not preempted by federal law, and a city may not usurp California's authority to make this determination under the Tenth Amendment.

32. Federal immigration law does not require California to cooperate with the federal government in enforcement of immigration law. Therefore, the CVA is not preempted by federal immigration law.

33. The federal government cannot press California and its state and local peace officers into its service for the enforcement of immigration law under the Tenth Amendment. California has the right under the anticommandeering rule to refrain from assisting with federal immigration law enforcement efforts.

43

34. The Fourth and Fourteenth Amendments to the U.S. Constitution prohibit state and local governments from conducting unreasonable searches and seizures. Resolution 2025-01 effectively orders its law enforcement personnel to violate the Fourth Amendment rights of NDLON members who work or reside in Huntington Beach.

35. Furthermore, many of NDLON's members are Latino. As Latino persons, Plaintiffs are members of a protected class. Resolution 2025-01 effectively orders its law enforcement personnel to violate the rights of NDLON members who work or reside in Huntington Beach under the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution.

36. The Fourteenth Amendment's Due Process Clause prohibits states from depriving individuals of life, liberty, or property without due process of law. Resolution 2025-01 effectively orders its law enforcement personnel to violate the rights of NDLON members who work or reside in Huntington Beach under the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution.

37. The California Values Act of 2017, Cal. Gov. Code §§ 7282.5, et seq, is a valid exercise of state power under the United States Constitution.

## COUNT II

### (Declaratory Judgment – Violation of the California Values Act)

38. Defendant-Intervenor and Counterclaimant NDLON incorporates by reference the allegations in all preceding paragraphs.

39. Under the California Values Act of 2017, Cal. Gov. Code §§ 7282.5, et seq., California law enforcement agencies "shall not[…]use agency or department moneys or personnel to investigate, interrogate, detain, detect, or arrest persons for immigration enforcement purposes." Cal. Gov't Code § 7284.6(a)(1).

44

40. Also under the CVA, law enforcement agencies may not, among other actions, inquire into an individual's immigration status, detain an individual on the basis of an immigration hold request, provide information regarding a person's release date to immigration authorities or respond to requests for such information, make or intentionally participate in arrests based on civil immigration warrants, perform the functions of an immigration officer, or place peace officers under the supervision of immigration authorities.  Cal. Gov't Code § 7284.6(a)(1)(A)-(G).

41. The City Council of Huntington Beach's passage of Resolution demonstrates that City Plaintiffs intend to violate the CVA.  The Resolution instructs City of Huntington Beach personnel and law enforcement to follow" all federal law, including Title 9 U.S. Code Sections 1324 and 1373 as well as Title 18 U.S Code Sections 371 and 372 specifically. The Resolution further declares that the city and all of its departments will "…deploy every means and resource necessary…" to achieve this end, including honoring ICE detainers. Huntington Beach cannot detain an individual on the basis of a hold request, such as an ICE detainer, without violating the CVA .

42. The Resolution declares the city a "non-sanctuary city," indicating that the City intends to act in direct contravention of the CVA because the City of Huntington Beach in this lawsuit characterizes the law as "the Sanctuary State Law." *See* Plaintiffs' Complaint (Dkt. 1) at ¶ 30.

43. Plaintiffs City of Huntington Beach, et al., intend to and will violate the California Values Act.

### PRAYER FOR RELIEF

WHEREFORE, Defendant-Intervenor and Counterclaimant NDLON respectfully requests that this Court:

45

(a) Declare that the California Values Act of 2017, Cal. Gov. Code §§ 7282.5, et seq., is valid under the U.S. Constitution, federal law, the California Constitution, and state law;

(b) Declare that the California Values Act of 2017, Cal. Gov. Code §§ 7282.5, et seq., is a valid exercise of California's authority under the Tenth Amendment to the U.S. Constitution;

(c) Declare that the City of Huntington Beach is in violation of the California Values Act of 2017, Cal. Gov. Code §§ 7282.5, et seq;

(d) Permanent and preliminary injunctive relief preventing City of Huntington Beach and City Plaintiffs from violating the California Values Act of 2017;

(e) Award Defendant-Intervenor and Counterclaimant NDLON reasonable costs, expenses, and attorneys' fees under 42 U.S.C. § 1988, 42 U.S.C. § 1983, or any other applicable law;

(f) Award such additional relief as the interests of justice may require.

Dated: April 17, 2025                    Respectfully submitted,


                                         /s/ Eduardo Casas
                                         Thomas A. Saenz (Cal. Bar No. 159430)
                                         Ernest I. Herrera (Cal. Bar No. 335032)
                                         Eduardo Casas (Cal. Bar No. 346859)
                                         MEXICAN AMERICAN LEGAL DEFENSE
                                         AND EDUCATIONAL FUND

                                         *Attorneys for [Proposed] Defendant-Intervenor*

46

[PROPOSED] DEFENDANT-INTERVENOR NATIONAL DAY LABORER
ORGANIZING NETWORK'S ANSWER TO PLAINTIFFS' COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF AND
COUNTER-CLAIMS                                      8:25-CV-00026-SSS-PD