1    ROB BONTA
     Attorney General of California
2    ANTHONY R. HAKL
     Supervising Deputy Attorney General
3    GABRIELLE D. BOUTIN
     Deputy Attorney General
4    State Bar No. 267308
       1300 I Street, Suite 125
5      P.O. Box 944255
       Sacramento, CA 94244-2550
6      Telephone: (916) 210-6053
       Fax: (916) 324-8835
7      E-mail: Gabrielle.Boutin@doj.ca.gov
     *Attorneys for Defendants State of California,*
8    *Governor Gavin Newsom, and Attorney General*
     *Rob Bonta, in their official capacities*
9

10              IN THE UNITED STATES DISTRICT COURT

11            FOR THE CENTRAL DISTRICT OF CALIFORNIA

12

13

14

15   **CITY OF HUNTINGTON BEACH,**          8:25-cv-00026
     **et al.,**
16                                          **MEMORANDUM OF POINTS**
                                Plaintiffs, **AND AUTHORITIES IN SUPPORT**
                                            **OF MOTION TO DISMISS**
17        **v.**                            **SECOND AMENDED**
                                            **COMPLAINT**
18   **THE STATE OF CALIFORNIA,**
     **GAVIN NEWSOM, in his official**      Date:       August 29, 2025
19   **capacity as Governor of the State of** Time:      2:00 p.m.
     **California; ROBERT BONTA in his**    Courtroom:  2, 2nd Floor (via Zoom)
20   **official capacity as Attorney General** Judge:    The Honorable Sunshine
     **of the State of California,**                     Suzanne Sykes
21
                                Defendants. Trial Date: None set
22                                          Action Filed: 1/07/2025

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................ 1

BACKGROUND ................................................................................................. 2

    I.     Senate Bill 54 History and Text ............................................................ 2

    II.    SB 54 Has Already Been Upheld in Legal Challenges By The United States and the City of Huntington Beach ................................................ 4

    III.   Allegations in the Second Amended Complaint ................................... 5

LEGAL STANDARD FOR MOTION TO DISMISS ...................................... 9

ARGUMENT ..................................................................................................... 10

    I.     Plaintiffs Lack Standing to Bring the Federal Claims in the First Through Fifth and Eighth Through Tenth Causes of Action ................................. 10

         A.    The City Lacks Standing ......................................................... 10

         B.    The Law Enforcement Officials Also Lack Standing ............. 13

    II.    The Court Lacks Subject Matter Jurisdiction Over Plaintiffs' State Law Claims in the Sixth and Seventh Causes of Action ................................. 15

    III.   Defendant State of California Is Immune to All Claims ...................... 18

    IV.   The Court Should Deny Plaintiffs Leave to Amend the Second Amended Complaint ........................................................................................... 19

CONCLUSION .................................................................................................. 19

# TABLE OF AUTHORITIES

**Page**

CASES

*Acres Bonusing, Inc v. Marston*
    17 F.4th 901 (9th Cir. 2021) ............................................................. 17

*Alden v. Maine*
    527 U.S. 706 (1999) ............................................................. 17, 18, 19

*Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*
    136 F.3d 1360 (9th Cir. 1998) ............................................... 2, 10, 13

*Carrico v. City & County of San Francisco*
    656 F.3d 1002 (9th Cir. 2011) ......................................................... 19

*City of Huntington Beach v. Becerra*
    44 Cal.App.5th 243 (2020) ......................................................... 1, 5, 10

*City of Huntington Beach v. Newsom*
    No. 8:23-CV-00421-FWS-ADS, 2023 WL 8043846 (C.D. Cal. Nov. 13, 2023) .................. 13

*City of S. Lake Tahoe v. California Tahoe Reg'l Plan. Agency*
    625 F.2d 231 (9th Cir. 1980) ................................................... *passim*

*City of San Juan Capistrano v. California Pub. Utilities Comm'n*
    937 F.3d 1278 (9th Cir. 2019) ......................................... 11, 12, 16

*City of San Juan Capistrano v. California Pub. Utilities Comm'n*
    No. 8:17-cv-01096 (C.D. Cal. June 23, 2017) .................................. 12

*Doe v. Regents of Univ. of Cal.*
    891 F.3d 1147 (9th Cir. 2018) ......................................................... 17

*Fed. Mar. Comm'n v. S.C. State Ports Auth.*
    535 U.S. 743 (2002) ......................................................................... 17

*Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*
    545 U.S. 308 (2005) ......................................................................... 15

*Haaland v. Brackeen*
    599 U.S. 255 (2023) ......................................................................... 14

*Hafer v. Melo*
    502 U.S. 21 (1991) ........................................................................... 14

*Hason v. Med. Bd. of Cal.*
    279 F.3d 1167 (9th Cir. 2002) .................................................... 17, 18

1

**TABLE OF AUTHORITIES**
(continued)

2

**Page**

3

*Maya v. Centex Corp.*
    658 F.3d 1060 (9th Cir. 2011).................................................................................. 9

4

*Mims v. Arrow Fin. Servs., LLC*
    565 U.S. 368 (2012) .................................................................................................. 15

5

6

*Monroe Cnty. v. State of Fla.*
    678 F.2d 1124 (2d Cir. 1982)................................................................................... 16

7

*NRDC v. Cal. Dep't of Transp.*
    96 F.3d 420 (9th Cir. 1996)...................................................................................... 16

8

9

*Okanogan Sch. Dist. #105 v. Superintendent of Pub. Instruction for State of
    Washington*
    291 F.3d 1161 (9th Cir. 2002) ........................................................................... 11, 12

10

11

*Palomar Pomerado Health Sys. v. Belshe*
    180 F.3d 1104 (9th Cir. 1999).................................................................... 11, 12, 13

12

13

*Pennhurst State Sch. & Hosp. v. Halderman*
    465 U.S. 89 (1984) ....................................................................................... 16, 17, 18

14

*South Lake Tahoe*
    2024 WL 4625289 (9th Cir. Oct. 30, 2024)............................................. 11, 12, 13

15

16

*St. Charles Cnty., Mo. v. Wisconsin*
    447 F.3d 1055 (8th Cir. 2006)................................................................................. 16

17

*Thomas v. Mundell*
    572 F.3d 756 (9th Cir. 2009)............................................................................ *passim*

18

19

*Thomas v. Mundell*
    No. 2:06-cv-00598-EHC (D. Ariz. March 13, 2006), ECF No. 14........................ 12

20

21

*United States v. California*
    921 F.3d 865 (9th Cir. 2019)............................................................................. 1, 4, 5

22

23

*Ex parte Young*
    209 U.S. 123 (1908) .......................................................................................... *passim*

24

25

26

27

28

# TABLE OF AUTHORITIES
## (continued)

Page

**STATUTES**

8 U.S.C.
§ 1324 ....................................................................................................... 6, 7
§ 1324(a)(1)(iii) ........................................................................................... 6
§ 1325(a) ...................................................................................................... 8
§ 1326 .......................................................................................................... 8
§ 1357(a)(3) ................................................................................................. 3
§ 1373 ................................................................................................... *passim*
§ 1373(a) ...................................................................................................... 6
§ 1644 .................................................................................................. *passim*

18 U.S.C.
§ 4 ................................................................................................................ 7
§ 371 ............................................................................................................ 7
§ 372 ............................................................................................................ 7
§ 1512 .......................................................................................................... 7

28 U.S.C.
§ 1331 .......................................................................................................... 15
§ 1343 .......................................................................................................... 15
§ 1367(a) ...................................................................................................... 16

42 U.S.C.
§ 1983 ....................................................................................................... 8, 12

Cal. Gov't Code
§ 7282.5 ....................................................................................................... 4
§ 7282.5(a) ................................................................................................... 4
§ 7282.6(a)(1)(C) ......................................................................................... 4
§ 7284(c) ...................................................................................................... 1
§ 7284.2 ....................................................................................................... 3
§ 7284.2(a) ................................................................................................... 1
§ 7284.2(b) ................................................................................................... 1
§ 7284.2(d) ................................................................................................... 2
§ 7284.2(g) ................................................................................................... 1
§ 7284.6 ....................................................................................................... 1
§ 7284.6(a) ................................................................................................... 3
§ 7284.6(b) ................................................................................................... 4
§ 7284.6(e) ................................................................................................... 4

Cal. Pen. Code
§ 31 .......................................................................................................... 7, 16
§ 32 .......................................................................................................... 7, 16

## TABLE OF AUTHORITIES
### (continued)

Page

**CONSTITUTIONAL PROVISIONS**

Cal. Constitution
   Article XI, § 3 ................................................................................................. 5, 6
   Article XI, § 5 ..................................................................................................... 5
   Article XX, § 3 .................................................................................................... 8

U.S. Const.
   Amendment I........................................................................................... 8, 11, 12
   Amendment V ..................................................................................................... 10
   Amendment X ....................................................................................................... 5
   Amendment XI ............................................................................................ *passim*
   Amendment XIV ................................................................................... 10, 11, 18

**COURT RULES**

Federal Rules of Civil Procedure
   Rule 12(b)(1) ....................................................................................................... 9

**OTHER AUTHORITIES**

Senate Bill 54 ............................................................................................. *passim*

v

# INTRODUCTION

In 2017, in an exercise of the state's police power, California enacted Senate Bill ("SB") 54, also known as the California Values Act.  The Legislature found and declared in SB 54 that a "relationship of trust between California's immigrant community and local agencies is central to the public safety of the people of California," that "[t]his trust is threatened when state and local agencies are entangled with federal immigration enforcement," and that "[e]ntangling state and local agencies with federal immigration enforcement programs diverts already limited resources and blurs the lines of accountability between local, state, and federal governments."  Cal. Gov't Code § 7284.2(a), (b), & (c).  In light of these findings and to "ensure effective policing" and protect public health and safety, SB 54 generally prohibits California state and local law enforcement agencies from assisting federal immigration enforcement efforts.  *See id*. §§ 7284.2(g), 7284.6.

Today, SB 54 remains a valid, enforceable law that applies to all local governments across the state.  This is despite the past efforts of the both the federal government, which unsuccessfully challenged the constitutionality of SB 54 under the Supremacy Clause, and Plaintiff City of Huntington Beach, which unsuccessfully challenged SB 54 under the California Constitution.  *United States v. California*, 921 F.3d 865, 890-91 (9th Cir. 2019), *cert. denied*, 141 S. Ct. 124 (2020); *City of Huntington Beach v. Becerra*, 44 Cal.App.5th 243, 248 (2020).

In the second amended complaint in this action ("SAC")[1], the City of Huntington Beach and certain City components and local government officials have renewed their attack on SB 54 based on their continuing belief that SB 54 is unconstitutional.  However, this Court does not have subject matter jurisdiction to hear any of Plaintiffs' claims.

---

[1] Although the pleading is erroneously entitled "First Amended Complaint," it is, in fact, Plaintiffs' second amended complaint.  *See* ECF No. 29 at 1; ECF Nos. 26, 28.

Plaintiffs lack standing to bring the federal claims in the First through Fifth and Eighth through Tenth Causes of Action, which challenge the validity of SB 54 under the U.S. Constitution and certain federal statutes.  Under longstanding Ninth Circuit precedent, political subdivisions of a state may not challenge the validity of state statutes under federal law in federal court.  *City of S. Lake Tahoe v. California Tahoe Reg'l Plan. Agency*, 625 F.2d 231, 233-34 (9th Cir. 1980).  This per se bar applies to local governments (including charter cities) and to local government officials alleging official injuries.  *See, e.g.*, *Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998); *Thomas v. Mundell*, 572 F.3d 756, 761 (9th Cir. 2009).

This Court also lacks subject matter jurisdiction over Plaintiff's state claims in the Sixth and Seventh Causes of Action.  The Court has no jurisdictional basis for these claims, because it has neither federal question nor supplemental jurisdiction.  Furthermore, the claims are barred by Defendants' Eleventh Amendment immunity and state sovereign immunity.

Finally, all claims in the SAC should be dismissed against Defendant State of California, which has Eleventh Amendment and state sovereign immunity.

For these reasons, as explained further below, the SAC should be dismissed for lack of subject matter jurisdiction.

## BACKGROUND

### I.  SENATE BILL 54 HISTORY AND TEXT

In 2017, the California Legislature determined that "entangling state and local agencies with federal immigration enforcement programs" adversely affects Californians by "divert[ing] already scarce resources and blur[ring] the lines of accountability between local, state, and federal government."  Cal. Gov't Code § 7284.2(d).  The Legislature further found that state involvement in federal immigration enforcement threatens the "relationship of trust between California's immigrant community and state and local agencies," causing immigrant community

members to "fear approaching police when they are victims or witnesses to[] crimes . . . to the detriment of public safety and the well-being of all Californians." *Id.* (b)-(c).  In light of these concerns, the Legislature made a policy decision to "direct the state's limited resources to matters of greatest concern to state and local governments," and enacted SB 54.

With certain limited exceptions, SB 54 prohibits California state and local law enforcement agencies from assisting federal immigration enforcement efforts.  Cal. Gov't Code § 7284.2.  SB 54 specifically prohibits California law enforcement agencies from using taxpayer funds to "investigate, interrogate, detain, detect, or arrest persons for immigration enforcement purposes."  Cal. Gov't Code § 7284.6(a).  Subject to certain exceptions, this prohibition includes:

- Inquiring into an individual's immigration status;
- Detaining an individual on the basis of a hold request;
- Providing information regarding an individual's release date;
- Providing an individual's home address or other personal information;
- Making or intentionally participating in arrests based on civil immigration warrants;
- Assisting immigration authorities in interrogating or arresting an alien, or other activities described in 8 U.S.C. § 1357(a)(3);
- Performing the functions of an immigration officer or placing peace officers under the supervision of federal agencies;
- Using immigration authorities as interpreters for law enforcement matters relating to individuals in agency or department custody;
- Transferring an individual to immigration authorities without a judicial warrant or judicial probable cause determination for an immigration violation;
- Contracting with the federal government for use of law enforcement agency facilities to house federal immigration detainees; and

3

- Providing office space for use by immigration authorities.

*See id.* (a)(1).

SB 54 sets forth several exceptions to these prohibitions. *See* Cal. Gov't Code §§ 7282.5, 7284.6(b), (e). For example, when an individual has been convicted of certain serious crimes, including specified serious and violent felonies, SB 54 permits law enforcement to transfer the individual to federal immigration authorities or provide immigration officials with release date information. *Id.* §§ 7282.6(a)(1)(C), 7284.6(a)(4), 7282.5(a). Moreover, where SB 54 does not expressly prohibit it, law enforcement officials have discretion to cooperate with immigration authorities—or not—provided that doing so would not violate any other local, state, or federal laws. *Id.* § 7282.5(a). SB 54 also expressly states that it does not prohibit any government entity or official from communicating with federal immigration authorities the citizenship or immigration status of individuals "pursuant to Sections 1373 and 1644 of Title 8 of the United States Code. *Id.* at 7284.6(e).[2]

## II.   SB 54 HAS ALREADY BEEN UPHELD IN LEGAL CHALLENGES BY THE UNITED STATES AND THE CITY OF HUNTINGTON BEACH

In March 2018, the federal government sued the State to challenge SB 54 and certain other laws related to immigration. The United States argued that SB 54 "unlawfully obstructs the enforcement of federal immigration laws" and therefore violates the Supremacy Clause of the U.S. Constitution. *United States v. California*, 921 F.3d 865, 873 (9th Cir. 2019). On appeal, the Ninth Circuit disagreed and upheld SB 54. *Id.* at 890-91. The Court concluded that SB 54 is not preempted by federal law because "SB 54 does not directly conflict with any obligations that the INA or other federal statutes impose on state or local governments," *id.* at 888, and because "California's decision [in SB 54] not to assist

---

[2] *See also United States v. California*, 921 F.3d at 891-93 (holding that SB 54 is not preempted by 8 U.S.C. § 1373).

federal immigration enforcement in its endeavors is not an 'obstacle' to that enforcement effort," *id.* (quoting *United States v. California*, 314 F.Supp.3d 1077, 1104 (E.D. Cal. 2018)).  The Court concluded further that, even if SB 54 did pose an obstacle to federal immigration enforcement, that would not render the statute invalid because requiring California to assist federal immigration enforcement would be contrary to the Tenth Amendment and the anticommandeering doctrine. *Id.*  The United States subsequently petitioned the Ninth Circuit for en banc rehearing and the Supreme Court for certiorari, but both petitions were denied. Order, No. 18-16496 (9th Cir. June 26, 2019); 141 S. Ct. 124 (2020).

In April 2018, the City of Huntington Beach filed suit in California state court challenging the validity of SB 54 under a provision of the California Constitution related to charter cities.  *See City of Huntington Beach v. Becerra*, 44 Cal.App.5th 243, 247-48 (2020).  The California Court of Appeal, like the Ninth Circuit in *United States v. California*, upheld SB 54.  *Id.* at 248.  The court held that SB 54 is valid under the California Constitution as applied to charter cities such as the City of Huntington Beach because, as required by state law, SB 54 "addresses matters of statewide concern—including public safety and health, effective policing, and protection of constitutional rights—is reasonably related to resolution of those statewide concerns, and is narrowly tailored to avoid unnecessary interference in local government."  *Id.*

Following these unsuccessful legal challenges, SB 54 remains valid state law.

## III.  ALLEGATIONS IN THE SECOND AMENDED COMPLAINT

Plaintiffs are the City of Huntington Beach (the "City"), and its city council, police department, and police chief, in his official capacity.  SAC at 1, 8-9.  The City is a municipal corporation formed as a charter city pursuant to Article XI, sections 3 and 5 of the California Constitution.  *Id.* at 11.  The Riverside County

Sheriff, Coroner, and Public Administrator Chad Bianco is also a Plaintiff in his official capacity.[3]  *Id.* at 1, 9.

Defendants are the State of California, California Governor Gavin Newsom, and California Attorney General Rob Bonta, in their official capacities.  SAC at 1, 9-10.

Plaintiffs generally allege that SB 54 endangers the safety and welfare of the City, citing crime trends statewide, nationwide, and in Orange County.  SAC at 3-6. They allege that SB 54 "limits the ability of City officials, including Huntington Beach Police personnel, to engage fully in effective law enforcement practices." *Id.* at 5.  They also allege that SB 54 requires City officials, including police department personnel, to violate federal and state laws.  *Id.* at 7.

The SAC alleges ten causes of action.  SAC at 1-2, 40-64.

In the First Cause of Action, Plaintiffs allege that SB 54 violates the Supremacy Clause because it is preempted by 8 U.S.C. sections 1324, 1373, and 1644.  SAC at 41.  Section 1324 prohibits persons from, among other things, "conceal[ing], harbor[ing], or shield[ing] from detection" undocumented immigrants.  8 U.S.C. § 1324(a)(1)(iii).  Section 1373 and 1644 both prohibit any restriction on any government entity or official's communication of an individual's immigration status with ICE.  8 U.S.C. §§ 1373(a), 1644.  Plaintiffs allege that SB 54 "is an obstacle to the City's and the Sheriff's ability to comply with" sections 1324, 1373, and 1644, and "prevents City officials including Huntington Beach Police personnel, and the Sheriff and his subordinates, from full, effective law enforcement and obstructs the City's and the Sheriff's ability to coordinate and cooperate with Federal law enforcement agencies."  SAC at 42.

---

[3] As a point of clarification, the City of Huntington Beach is in Orange County, not Riverside County.

In the Second Cause of Action, Plaintiffs allege that SB 54 violates the Naturalization Clause of the U.S. Constitution. SAC at 43. Plaintiffs allege that SB 54 does so,

> by actively obstructing the authority of the Federal Government and obstructing the City's and the Sheriff's ability to employ all laws available, including U.S. Federal immigration laws, to combat crime and ensure public safety by coordinating with the Federal Government to deal with certain individuals committing crimes and who are subject to U.S. Federal immigration laws.

*Id.* at 46.

The Third through Fifth Causes of Action allege that SB 54 violates or causes Plaintiffs or their personnel to violate certain federal immigration and criminal statutes: 8 U.S.C sections 1324, 1373, and 1644 and 18 U.S.C. sections 4, 371, 372, and 1512. SAC at 47-56. The Title 8 immigration statutes are the same as those that allegedly preempt SB 54 according to the First Cause of Action. The Title 18 criminal statutes prohibit concealment of a felony (section 4), conspiracy to commit an offense against the United States (section 371), conspiracy to impede a federal officer in the discharge of official duties (section 372), misleading a person to cause someone to be absent from an official proceeding (section 1512, subdivision (b)(2)(D)), and specified acts of witness tampering (section 1512, subdivision (b)(3)).

In the Sixth Cause of Action, Plaintiffs allege that SB 54 causes Plaintiffs and their personnel to violate California Penal Code sections 31 and 32. SAC at 57-59. These state statutes prohibit aiding and abetting in the commission of a crime or after the fact. *See* Cal. Penal Code §§ 31, 32. Plaintiffs allege that SB 54 requires City officials, the Sheriff, and his personnel to violate Penal Code section 31 and 32 because SB 54 allegedly requires them to: (1) violate 8 U.S.C. section 1324 by concealing undocumented immigrants in their custody; and, (2) "encourage and conceal the commission of felonies by [undocumented immigrants], including

under 8 U.S.C. §§ 1325(a) and 1326," which prohibit unlawful entry into the country.  SAC at 57-58.

In the Seventh Cause of Action, entitled "Violation of Oath of Office" Plaintiffs allege that, because SB 54 purportedly violates the U.S. Constitution, SB 54 causes certain City officials and police officers to violate their oath of office required in Article XX, section 3 of the California Constitution.  SAC at 59.  That oath requires certain officials to swear or affirm, among other things, that they will support and defend the United States and California Constitutions.  *Id.*

In the Eighth Cause of Action, Plaintiffs allege violation of the First Amendment.  Plaintiffs vaguely allege that SB 54 unconstitutionally chills "Plaintiffs' communications with federal officials about immigration matters." SAC at 61.

In the Ninth Cause of Action, Plaintiffs allege violation of civil rights under 42 U.S.C. section 1983.  SAC at 62.  Plaintiffs allege that SB 54 "compels" the speech of Plaintiffs and their personnel, which "deprives the Plaintiffs of their free speech rights under the First Amendment of the Constitution as explained above in Count 8."  *Id.* at 62.  Plaintiffs also allege that SB 54 deprives Plaintiffs of their "rights and privileges" under 8 U.S.C. sections 1373 and 1644, which prohibit restrictions on any government entity or official's communication of an individual's immigration status with ICE.  *Id.* at 63.

In the Tenth Cause of Action Plaintiffs purport to allege a "Non-Statutory Cause of Action for Violation of Federal Law."  SAC 64.  Plaintiffs allege that they "have a cause of action" and are entitled to relief against Defendants because the First through Fifth and Eighth through Ninth causes of action "catalog the numerous ways that Newsom and Attorney General Bonta are violating Federal law and the Constitution."  *Id.*  Plaintiffs also recite in this claim the *Ex Parte Young* doctrine's allowance for "suits against state officials in their official capacity for

1    prospective injunctive relief to prevent ongoing violations of federal law.  *Id.*

2    (citing *Ex parte Young*, 209 U.S. 123 (1908)).

3        For relief, Plaintiffs seek injunctive relief preventing Defendants from

4    enforcing SB 54 "to the extent those statutes and provisions violate the Supremacy

5    Clause, the aforementioned U.S. Federal immigration, criminal, and civil rights

6    laws, the aforementioned California Penal Code(s), and other provisions of the U.S.

7    Constitution and California Constitution."  SAC at 65.  Plaintiffs pray for a

8    declaration that SB 54 "violate[s] the Supremacy Clause, the aforementioned U.S.

9    Federal immigration, criminal, and civil rights laws, the aforementioned California

10   Penal Code(s), and other provisions of the U.S. Constitution and California

11   Constitution."  *Id.*  Lastly, Plaintiffs request a declaration that SB 54 "provides no

12   obstacle to Huntington Beach's or the Sheriff's and his subordinates' cooperation

13   with the Federal Government and acts to comply with all U.S. federal immigration

14   laws."  *Id.*

15                  **LEGAL STANDARD FOR MOTION TO DISMISS**

16       Federal Rule of Civil Procedure Rule 12(b)(1) allows a party to raise the

17   defense that the court lacks "jurisdiction over the subject matter" of a claim.  A

18   motion under Rule 12(b)(1) may be made where the plaintiff lacks standing to bring

19   the suit.  *Maya v. Centex Corp.*, 658 F.3d 1060, 1067-69 (9th Cir. 2011).  Where a

20   Rule 12(b)(1) motion is brought, the "party asserting federal subject matter

21   jurisdiction bears the burden of proving its existence."  *Id.* at 1122.

22   / / /

23   / / /

24   / / /

25

26

27

28

9

# ARGUMENT[4]

## I. PLAINTIFFS LACK STANDING TO BRING THE FEDERAL CLAIMS IN THE FIRST THROUGH FIFTH AND EIGHTH THROUGH TENTH CAUSES OF ACTION

The First through Fifth and Eighth through Tenth Causes of Action, each of which purport allege a claim under federal law, should be dismissed because Plaintiffs lack standing to bring the claims.

### A. The City Lacks Standing

It is a well-established Ninth Circuit rule that cities, as political subdivisions of the state, lack standing to challenge the constitutionality of a state statute. *City of S. Lake Tahoe v. California Tahoe Reg'l Plan. Agency*, 625 F.2d 231, 233-34 (9th Cir. 1980); *accord Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1362, 1364 (9th Cir. 1998). This is a "per se" rule to which the Ninth Circuit "has not recognized any exception." *Burbank-Glendale-Pasadena Airport Auth.*, 136 F.3d at 1364.

The rule—often called the "*South Lake Tahoe*" rule—has been applied consistently for decades to a variety of federal constitutional claims brought by local government entities against the state, including claims materially indistinguishable from those at issue here. *See S. Lake Tahoe*, 625 F.2d at 234 (city and its council members lacked standing to bring claims based on the Supremacy Clause, Fifth and Fourteenth Amendments, and the right to travel); *Burbank-Glendale-Pasadena Airport Auth.*, 136 F.3d at 1362, 1364 (local airport authority

---

[4] For the purposes of this section, this motion shall refer to Plaintiffs City of Huntington Beach, Huntington Beach City Council, and Huntington Beach Police Department collectively as the "City," because the city council and police departments are components of the City of Huntington Beach. *See e.g.* HUNTINGTON BEACH, CAL., CHARTER art III, § 300 (creating city council offices); HUNTINGTON BEACH, CAL., CHARTER tit 2, § 2.52.010 (establishing police department). In this section, Plaintiffs Huntington Beach Police Chief and Riverside County Sheriff Bianco shall be referred to as the "Law Enforcement Officials."

lacked standing to challenge state statute based on the Supremacy Clause,
Commerce Clause, and Due Process Clause); *Palomar Pomerado Health Sys. v.
Belshe*, 180 F.3d 1104, 1107, 1108 (9th Cir. 1999) (health care district lacked
standing to challenge state statute based on alleged conflict with federal Medicaid
law); *Okanogan Sch. Dist. #105 v. Superintendent of Pub. Instruction for State of
Washington,* 291 F.3d 1161, 1162-63 (9th Cir. 2002) (school district lacked
standing to bring section 1983 challenge state's distribution of federal funds paid
pursuant to federal statute); *Thomas v. Mundell*, 572 F.3d 756, 759, 760 (9th Cir.
2009) (County Attorney lacked standing to bring First and Fourteenth Amendment
claims against state court judge and state court); *City of San Juan Capistrano v.
California Pub. Utilities Comm'n*, 937 F.3d 1278, 1281 (9th Cir. 2019) (city lacked
standing to bring procedural due process claim arising from state agency's
administrative decision).

Here, *South Lake Tahoe* applies to all of the federal law claims in the SAC.
The rule clearly applies to Plaintiffs' First Cause of Action for violation of the
Supremacy Clause, Second Cause of Action for violation of the Naturalization
Clause, and Eighth Cause of Action for violation of the First Amendment.  Those
claims, on their face, challenge the constitutionality of a state statute, SB 54.  As a
political subdivision of the State, the City therefore lacks standing to bring those
claims.

*South Lake Tahoe* also bars the City from bringing the Third through Fifth
Causes of Action, which allege that SB 54 violates or causes City personnel to
violate specified federal statutes.  SAC at 47-56.  This is because the rule extends to
claims alleging "that a state statute or regulation conflict[s] with a federal statute."
*City of San Juan Capistrano v. California Pub. Utilities Comm'n*, 937 F.3d 1278,
1281 & n.1 (9th Cir. 2019).  Indeed, the Ninth Circuit has held at least twice that
local government entities lack standing to challenge state statutes or regulations as
contrary to federal law, recognizing that such claims are inherently based on the

Supremacy Clause of the U.S. Constitution.  *See Okanogan Sch. Dist. #105*, 291 F.3d at 1162, 1165; *Palomar Pomerado,* 180 F.3d at 1107.

The Ninth Cause of Action, which seeks to allege a claim under 42 U.S.C. section 1983 for purported violations of Plaintiffs' rights under the First Amendment and 8 U.S.C sections 1373 and 1644, is also barred by *South Lake Tahoe*.  This cause of action merely utilizes section 1983 as an alternative vehicle for alleging that SB 54 violates federal law.  However, just like a direct constitutional claim, a claim under section 1983 is also subject to *South Lake Tahoe*.  *See Okanogan Sch. Dist. #105,* 291 F.3d at 1162-63 (applying *South Lake Tahoe* standing bar to section 1983 claim); *Thomas*, 572 F.3d at 760 (9th Cir. 2009) (same); *City of San Juan Capistrano*, 937 F.3d at 1281 (same).[5]

Finally, *South Lake Tahoe* applies to Plaintiffs' Tenth Cause of Action, which merely alleges that they are entitled to relief under *Ex Parte Young* because Governor Newsom and Attorney General Bonta have expressed intent to enforce SB 54, purportedly in violation of federal law.  Even if this were a cognizable independent cause of action (which it is not), in *Palomar Pomerado*, the Ninth Circuit rejected the notion that *Ex Parte Young* could be invoked to evade the application of *South Lake Tahoe*.  180 F.3d at 1108.  There, a health care district sued the California Department of Health Services and its officials to prevent them from enforcing a state regulation that allegedly conflicted with federal Medicaid law.  *Id.* at 1106.  The Ninth Circuit explained that *Ex Parte Young* did not overcome *South Lake Tahoe* and confer standing on the plaintiffs because their suit

---

[5] Although not expressly stated in the Ninth Circuit opinions, the plaintiffs' constitutional claims in *Thomas* and *City of San Juan Capistrano* were brought under section 1983.  *See* Amended Complaint at 3, 12-14, *Thomas v. Mundell*, No. 2:06-cv-00598-EHC (D. Ariz. March 13, 2006), ECF No. 14; Complaint for Declaratory and Injunctive Relief for Violations of Federal and State Provisions Protecting the Right to Due Process [42 U.S.C. § 1983] at 1, *City of San Juan Capistrano v. California Pub. Utilities Comm'n*, No. 8:17-cv-01096 (C.D. Cal. June 23, 2017), ECF No. 1.

was still effectively against the State and *Ex Parte Young* (at most) operates as a limited exception to Eleventh Amendment immunity, not an exception to standing requirements. *Id.* at 1108.[6] Here, Plaintiffs similarly cannot circumvent *South Lake Tahoe* and establish standing by invoking *Ex Parte Young*.

The City's status as a charter city also does not offer any escape from *South Lake Tahoe*'s per se rule. The Ninth Circuit has already squarely held that California charter cities are treated the same as other political subdivisions for purposes of the federal standing analysis. *Burbank-Glendale-Pasadena Airport Auth.*, 136 F.3d at 1364. On these grounds, another constitutional challenge to a California statute brought by the City of Huntington Beach was recently dismissed. *See City of Huntington Beach v. Newsom,* No. 8:23-CV-00421-FWS-ADS, 2023 WL 8043846, at *7 (C.D. Cal. Nov. 13, 2023) (citing *Burbank*, 136 F.3d at 1364). The Ninth Circuit affirmed, explaining: "No matter how California categorizes charter cities, they remain subordinate political bodies, not sovereign entities," which "brings charter cities within the rule of *South Lake Tahoe*." 2024 WL 4625289 (9th Cir. Oct. 30, 2024) (citing 625 F.2d at 233).

## B.    The Law Enforcement Officials Also Lack Standing

The Plaintiff Law Enforcement Officials—the Huntington Beach Police Chief and Riverside County Sheriff Bianco—also lack standing to bring the federal claims in the First through Fifth and Eighth through Tenth Causes of Action.

Similar to cities and other political subdivisions of the state, public officials lack standing to challenge the constitutionality of state laws if they assert "official" rather than "personal" interests or injuries. *Thomas v. Mundell*, 572 F.3d 756, 761 (9th Cir. 2009) (quoting *S. Lake Tahoe v.* 625 F.2d at 238). Here, by definition, the Law Enforcement Officials are asserting officials interests because they are suing

---

[6] Indeed, a contrary conclusion would greatly undercut *South Lake Tahoe* by allowing many plaintiffs to simply allege their claims against the state officials who enforce the state laws they seek to invalidate.

only in their official capacities.  SAC at 1; *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("the real party in interest in an official-capacity suit is the governmental entity and not the named official").

Moreover, the only injuries alleged by the Law Enforcement Officials are, in fact, official and not personal.  For example, Plaintiffs allege that they are injured because SB 54 purportedly endangers public safety in the City.  SAC at 3-6.  However, general public safety in Huntington Beach is the *City*'s interest.  Under *South Lake Tahoe*, a city official challenging the constitutionality of a state statute lacks standing if they merely seek to represent the interests of the city itself.  625 F.2d at 237.  Plaintiffs also allege that they are injured because SB 54 limits City and Sheriff's Department officials' ability to coordinate with federal immigration authorities.  *See, e.g.*, SAC at 6, 34, 38.  However, an injury to an official's ability to perform their duties is an official injury, not a personal one.  *Mundell*, 572 F.3d at 762 (*South Lake Tahoe* standing bar applied to County Attorney claiming that state law put him at a disadvantage in his performance of prosecutorial functions).

Finally, Plaintiffs allege that they are injured because SB 54 purportedly requires City and Sheriff's Department officials to violate federal and state laws.  *See, e.g.*, SAC at 5, 7, 41.  However, an injury is "official" and not personal where it arises from the official's preference not to "perform[] duties," such as the enforcement of state law, "that he perceives to be unconstitutional."  *Thomas*, 572 F.3d at 761 (citing *Smith v. Indiana*, 191 U.S. 138 (1903)).  Officials suffer no legally cognizable injury merely because "they wish not to" perform that role due to "private constitutional predilections."  *S. Lake Tahoe*, 625 F.2d at 238; *cf. Haaland v. Brackeen*, 599 U.S. 255, 295 (2023) (mere "complicit[y] in enforcing" a law does not provide standing to challenge it).  Otherwise, "[t]o confer standing on public officials because they wish not to enforce a statute due to private constitutional predilections… would convert all officials charged with executing statutes into

14

1  potential litigants, or attorneys general, as to laws within their charge." *S. Lake*

2  *Tahoe*, 625 F.2d at 238.

3       The Law Enforcement Officials have therefore failed to allege anything other

4  than an "official" injury and therefore lack standing to bring the federal claims in

5  the SAC.

6  **II.    THE COURT LACKS SUBJECT MATTER JURISDICTION OVER**

7  **PLAINTIFFS' STATE LAW CLAIMS IN THE SIXTH AND SEVENTH CAUSES OF ACTION**

8       The Sixth and Seventh Causes of Action, which allege claims under the

9  California Penal Code and California Constitution, should also be dismissed for

10  lack of subject matter jurisdiction.

11       First, this Court lacks any basis for jurisdiction over these claims.  Plaintiffs

12  allege that the Court has federal question jurisdiction.  SAC at 10 (citing 28 U.S.C.

13  §§ 1331, 1343).  But district courts have federal question jurisdiction only over

14  claims "arising under the Constitution, laws, or treaties of the United States."  28

15  U.S.C. § 1331.  Claims generally "arise under" federal law only when (1) federal

16  law creates the cause of action, *see Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368,

17  377 (2012), or (2) the claim "necessarily raise[s] a stated federal issue, actually

18  disputed and substantial, which a federal forum may entertain without disturbing

19  any congressionally approved balance of federal and state judicial responsibilities,"

20  *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313

21  (2005).

22       Here, the Sixth and Seventh Causes of Action do not arise under federal law.

23  They allege violations of California Penal Code statutes and violations of the oath

24  of office mandated by the California Constitution.  SAC at 56-61.  Federal law

25  therefore does not create the causes of action.  *See Mims*, 565 U.S. at 377.  Nor do

26  the Sixth and Seventh Causes of Action meet the *Grable* requirements for "arising

27  under" federal law, including because neither claim "necessarily" raises a federal

28  issue.  *See Grable*, 545 U.S. 308.  Both claims may be resolved on state law

grounds based on a court's interpretation of the parties' rights and obligations (or lack thereof) under SB 54, Penal Code sections 31 and 32, and the California Constitution.  The Court therefore lacks federal question jurisdiction over these claims.[7]  And because, as explained above, Plaintiffs lack standing to bring their other claims in the FAC, this Court also lacks supplemental jurisdiction over the Sixth and Seventh Cause of Action under 28 U.S.C. § 1367(a).

Second, the Sixth and Seventh Cause of Action are barred by Defendants' Eleventh Amendment immunity and state sovereign immunity.  The Eleventh Amendment bars claims in federal court brought by citizens against a state unless the state has consented to the suit or Congress has abrogated the immunity.[8]  U.S. CONST. amend. XI ("[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State"); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984).  Eleventh Amendment immunity "extends to state agencies and to state officers, who act on behalf of the state."  *NRDC v. Cal. Dep't of Transp.*, 96 F.3d 420, 421 (9th Cir. 1996); *Pennhurst*, 465 U.S. at 101 (1984)).

Defendants have Eleventh Amendment immunity from Plaintiffs' Sixth and Seventh Causes of Action.  Plaintiffs have not and cannot allege that this immunity

---

[7] Even if the Sixth and Seventh Causes of Action did necessarily involve any federal issues, the claims would then be barred by *South Lake Tahoe*, which bars all claims by political subdivisions against the State that "are based on the [U.S.] Constitution."  *S. Lake Tahoe*, 625 F.2d at 234.

[8] For Eleventh Amendment purposes, courts have consistently considered "citizens" to include political subdivisions of a state.  *See City of San Juan Capistrano v. California Pub. Utilities Comm'n*, 937 F.3d 1278, 1281 (9th Cir. 2019) (city's claim barred by Eleventh Amendment immunity); *see also St. Charles Cnty., Mo. v. Wisconsin*, 447 F.3d 1055, 1058 (8th Cir. 2006) ("a county is a 'Citizen of another State' for Eleventh Amendment purposes"); *Monroe Cnty. v. State of Fla.*, 678 F.2d 1124, 1131 (2d Cir. 1982) (same).

1    has been waived by the State or abrogated by Congress.  *See Pennhurst*, 465 U.S. at

2    101 (1984).  Nor does the *Ex Parte Young* exception to Eleventh Amendment

3    immunity apply to these claims.  "The *Ex Parte Young* doctrine provides that the

4    Eleventh Amendment does not bar suits for prospective injunctive relief brought

5    against state officers in their official capacities, to enjoin an alleged ongoing

6    violation of *federal* law."  *Hason v. Med. Bd. of Cal.*, 279 F.3d 1167, 1171 (9th Cir.

7    2002) (emphasis added); *see also Ex Parte Young*, 209 U.S. 123 (1908).  However,

8    the doctrine "does not apply when a suit seeks relief under state law."  *Doe v.*

9    *Regents of Univ. of Cal.*, 891 F.3d 1147, 1153 (9th Cir. 2018); *Pennhurst*, 465 U.S.

10   at 117 ("a federal suit against state officials on the basis of state law contravenes the

11   Eleventh Amendment").  Here, Plaintiffs seek relief in Sixth and Seventh Causes of

12   Action under state laws in the California Penal Code and California Constitution,

13   not under federal law.  *Ex Parte Young* therefore does not apply to those claims.

14       In addition to Eleventh Amendment immunity, Defendants also have state

15   sovereign immunity from the Sixth and Seventh Causes of Action.  An independent

16   form of immunity, state sovereign immunity also bars federal jurisdiction over suits

17   against nonconsenting states.  *Alden v. Maine*, 527 U.S. 706, 713, 730 (1999).  State

18   sovereign immunity is "a fundamental aspect of the sovereignty which the States

19   enjoyed before the ratification of the Constitution and which they retain today . . .

20   except as altered by the plan of the Convention or certain constitutional

21   amendments."  *Id.* at 713.  State sovereign immunity provides immunity from suit,

22   as well as to all types of monetary and non-monetary liability.  *Fed. Mar. Comm'n*

23   *v. S.C. State Ports Auth.*, 535 U.S. 743, 766, 122 S. Ct. 1864, 1877, 152 L. Ed. 2d

24   962 (2002).   The immunity applies to suits against states and state officers named

25   in their official capacities.  *See Alden*, 527 U.S. at 756 ("sovereign immunity is not

26   limited to suits which name the State as a party if the suits are, in fact, against the

27   State"); *Acres Bonusing, Inc v. Marston*, 17 F.4th 901, 908 (9th Cir. 2021) (claims

28   against defendants in their official capacities "although nominally against the

official, in fact is against the official's office and thus the sovereign itself" (internal quotation marks omitted)).  Certain exceptions to state sovereign immunity have been recognized to "strike[] the proper balance between the supremacy of federal law and the separate sovereignty of the States" *Alden*, 527 U.S. at 757.  These exceptions include claims to which states have consented, claims authorized by Congress pursuant to section 5 of the Fourteenth Amendment, claims against certain "lesser" entities within a state, and claims subject to the *Ex Parte Young* exception to immunity.  *Alden*, 527 U.S. at 756-57.

Here, Defendants all have state sovereign immunity from the state law claims in the Sixth and Seventh Causes of Action.  Plaintiffs allege these claims against the State itself and Governor Newsom and Attorney General Bonta in their official capacities.  Plaintiffs do not and cannot allege that the State has waived its immunity to these claims or that the immunity has been abrogated by Congress or the Constitution.  Moreover, no recognized exception to state sovereign immunity applies.  *Alden*, 527 U.S. at 756-57.

This Court therefore lacks subject matter jurisdiction over the Sixth and Seventh Causes of Action.  There is no basis for federal jurisdiction and, even if there were, those claims are barred by Defendant's Eleventh Amendment immunity and state sovereign immunity.

## III.  DEFENDANT STATE OF CALIFORNIA IS IMMUNE TO ALL CLAIMS

The State of California should be dismissed as a particular Defendant in this action because it has Eleventh Amendment and state sovereign immunity to all claims.  As discussed above, the Eleventh Amendment bars suits in federal court by citizens against a state.  U.S. CONST. amend. XI; *Pennhurst*, 465 U.S. at 101.  Plaintiffs have not and cannot allege that the State of California has waived its immunity or Congress has abrogated it.  And the *Ex Parte Young* exception applies to state officials only, not a state itself.  *See Hason*, 279 F.3d at 1171.  For similar

reasons, the State also has state sovereign immunity to Plaintiffs' claims.  *See Alden*, 527 U.S. at 756-57.

All claims in the SAC should therefore be dismissed against the State of California.

## IV. THE COURT SHOULD DENY PLAINTIFFS LEAVE TO AMEND THE SECOND AMENDED COMPLAINT

Finally, the Court should deny Plaintiffs leave to amend the SAC.  Where amendment would be futile, a district court need not grant leave to amend. *See Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011). Amendment would be futile here.  As a per se rule, Plaintiffs' challenges to SB 54 under federal law are barred.  *See S. Lake Tahoe*, 625 F.2d at 233-34.  Plaintiffs' remaining state law claims are barred by Defendants' immunity.  Plaintiffs cannot allege facts that would overcome these barriers.

## CONCLUSION

For the reasons above, Plaintiffs' Second Amended Complaint should be dismissed for lack of subject matter jurisdiction.

Dated:  June 2, 2025                              Respectfully submitted,

                                                          ROB BONTA
                                                          Attorney General of California
                                                          ANTHONY R. HAKL
                                                          Supervising Deputy Attorney General


                                                          *s/ Gabrielle D. Boutin*
                                                          GABRIELLE D. BOUTIN
                                                          Deputy Attorney General
                                                          *Attorneys for Defendants*

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants, certifies that this brief contains 6,283 words, which:

_X_ complies with the word limit of L.R. 11-6.1.

__ complies with the word limit set by court order dated [date].

Dated:  June 2, 2025

Respectfully submitted,

ROB BONTA
Attorney General of California

*s/ Gabrielle D. Boutin*
GABRIELLE D. BOUTIN
Deputy Attorney General
*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

| Case Name: | **City of Huntington Beach, et al. v. The State of California, et al.** | Case No. | **8:25-cv-00026-SSS-PD** |

I hereby certify that on <u>June 2, 2025</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

***MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT***

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>June 2, 2025</u>, at Los Angeles, California.

| Cecilia Apodaca | */s/ Cecilia Apodaca* |
| Declarant | Signature |

SA2025300103
AG Cert of Service CM ECF no paper filers.docx