UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 8:25-cv-00026-SSS-SPx | Date | July 30, 2025 |
|---|---|---|---|
| Title | City of Huntington Beach et al. v. State of California et al. | | |

Present: The Honorable   SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER GRANTING PROPOSED DEFENDANT-INTERVENOR'S AMENDED MOTION TO INTERVENE AND DENYING AS MOOT INITIAL MOTION TO INTERVENE [DKTS. 22, 24]**

Before the Court is an Amended Motion to Intervene ("Motion") filed by Proposed Defendant-Intervenor National Day Laborer Organizing Network ("NDLON"). [Dkt. 24, Motion]. Defendants the State of California, Gavin Newsom, and Robert Bonta (the "State") and Plaintiffs Chad Bianco, City of Huntington Beach, Huntington Beach City Council, Huntington Beach Police Chief, and Huntington Beach Police Department oppose. [Dkt. 32, "State's Opp."; Dkt. 33 ("Pl.'s Opp.")]. Having considered the submitted arguments, relevant legal authority, and record in this case, the Court **GRANTS** NDLON's Motion. [Dkt. 24]. As such, NDLON's initial motion to intervene is **DENIED** as **MOOT**. [Dkt. 22].

## I. BACKGROUND

Plaintiffs filed a complaint against the State on January 7, 2025, asserting federal and state constitutional challenges to the California Values Act ("CVA"), a California law limiting state and local law enforcement's ability to cooperate with

federal immigration enforcement. [Dkt. 1; *see* Dkt. 29, Second Amended Complaint].

NDLON is a nationwide coalition of day laborers that advocate for laws improving the lives of day laborers, migrants, and low-wage workers. [Motion at 9–10]. The coalition has 17 member organizations and 3,600 day-labor members in California, including at least two member organizations in this District. [*Id.* at 10]. NDLON filed its first motion to intervene on April 17, 2025, and the present amended motion on April 24, 2025. [Dkts. 22, 24]. The Court discusses additional facts below.

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 24, a movant may seek to intervene in an action as a matter of right or permissively under the court's discretion. When considering permissive intervention, the district court "may permit anyone to intervene who…has a claim or defense that shares with the main action a common question of law or fact. Fed. R. Civ. P. 24(b)(1)(B).

In the Ninth Circuit, a court may grant permissive intervention when a movant shows (1) independent grounds for jurisdiction, (2) its motion is timely, and (3) its claim or defense have a question of law or fact in common with the main action. *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 839 (9th Cir. 1996). Additionally, "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

## III.   DISCUSSION

The Court permits NDLON to intervene in this action under Rule 24(b). NDLON has met the requirements for permissive intervention, and neither the State nor Plaintiffs contest this fact. [*See* State's Opp. at 14–15; Pl.'s Opp. at 12–14]. First, the Court has an independent basis for jurisdiction over NDLON and its defenses; the Court possesses personal jurisdiction because NDLON has members residing in this District, and the Court possesses subject matter jurisdiction over NDLON's defenses insofar as the Court exercises jurisdiction over Plaintiffs' claims. Second, NDLON's Motion is timely as it seeks to intervene early in the litigation and swiftly moved to do so; NDLON first met with the State regarding this Motion only about a month after Plaintiffs filed their initial complaint.

[Motion at 12]. Lastly, NDLON intervenes to defend the CVA, which Plaintiffs seek to enjoin, establishing common questions of law. [*Id*. at 23].

Additionally, intervention will not unduly delay or prejudice adjudication of the original parties' rights. Because NDLON timely moved to intervene, delay to litigation is minimal. Neither the State nor Plaintiffs contend intervention would delay resolution of this case. [*See* State's Opp. at 14–15; Pl.'s Opp. at 12–14]. The State also does not indicate that intervention would prejudice it in its defense of the CVA. [*See* State's Opp. at 14–15]. Similarly, Plaintiffs summarily state NDLON's intervention will "unnecessarily encumber the litigation with duplication of efforts" but do not provide any reason for this statement. [*See* Pl.'s Opp. at 13]. Considering all parties agree NDLON and the State share the same objective in this litigation – defense of the CVA – the Court finds Plaintiffs' potential duplication of efforts minimal. [*See id*. at 12; State's Opp. at 8–9; Motion at 22].

The State and Plaintiffs object to permissive intervention because, they argue, the State adequately represents NDLON's interests in this litigation. [*See* State's Opp. at 7–13, 14–15; Pl.'s Opp. at 10–12, 13]. However, it is not required that the State inadequately represent NDLON for the Court to grant permissive intervention. *Glickman*, 82 F.3d at 839; *see Perry v. Proposition 8 Off. Proponents*, 587 F.3d 947 (9th Cir. 2009) (clarifying "the court *may* also consider other factors in the exercise of its discretion," such as "whether intervenors' interests are adequately represented by other parties" )(emphasis added)(internal quotations omitted); *see Emp. Staffing Servs., Inc. v. Aubry*, 20 F.3d 1038, 1042 (9th Cir. 1994) (rejecting argument that a requirement of mandatory intervention under Rule 24(a) applies to permissive intervention under Rule 24(b)). Even so, the Court finds reasonable questions exist as to the State's willingness to adequately represent NDLON's interests.

First, the outcome of this litigation will impact undocumented residents of California far more severely than the public or the State. It is NDLON's members who are subject to the harms the California Legislature sought to prevent in passing the CVA, namely risking deportation and family separation when interacting with local law enforcement on unrelated matters. *See United States v. California*, 921 F.3d 865, 876 n.3 (9th Cir. 2019) (describing how the CVA "was motivated by [the Legislature's] 'recogni[tion] that victims and witnesses of crime are less likely to come forward if they fear that an interaction with law enforcement will lead to their removal or the removal of a family member.'"). [*See also* Motion at 8–9].

Second, although the State has successfully defended the CVA twice prior and provides assurances of its intent to vigorously defend the CVA again, nothing prevents the State from changing course. [*See* State's Opp. at 11–14]. Considering the political realities of the State and federal government's relationship, specifically with regards to immigration, there is a reasonable possibility the State could change its position on the CVA.[1] [*See* Motion at 18]. Further, while the State argues it adequately represents its constituency, undocumented NDLON members cannot vote and thus presumptions of adequate representation do not as readily apply. [*See* State's Opp. at 9–10; Motion at 6]. Permitting NDLON to intervene when there is very minimal risk of delay or prejudice is the safest way to ensure NDLON's protectable interests are secure.

In addition, there exists a liberal policy in favor of intervention. *See Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998) ("We generally interpret the requirements [of Rule 24(a)] broadly in favor of intervention."); *United States ex rel. McGough v. Covington Techs. Co.*, 967 F.2d 1391, 1394 (9th Cir. 1992) ("Generally, Rule 24(a)(2) is construed broadly in favor of proposed intervenors and we are guided primarily by practical considerations."). The justification for this liberal policy is to "prevent or simplify future litigation involving related issues." *Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489 n.8 (9th Cir. 1995), *abrogated on other grounds by Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011). Here, NDLON proposes filing counterclaims challenging a resolution passed by the City of Huntington Beach that contravenes the CVA and affects NDLON's members. [*See* Dkt. 24-1 ¶¶ 18 – 26, 35, 41–43]. Permitting NDLON to assert these claims in this highly related action benefits judicial economy and serves the goals of intervention.

Ultimately, NDLON has met the requirements for intervention under Rule 24(b), intervention poses minimal risks of delay or prejudice, and the Court concludes intervention is prudent. Thus, the Court **GRANTS** NDLON's Motion and in its discretion, permits NDLON to intervene. [Dkt. 24]. Because the Court finds permissive intervention warranted, the Court does not discuss intervention as

---

[1] For instance, a candidate for the upcoming gubernatorial election is also a Plaintiff in this action. BIANCO FOR GOVERNOR, https://biancoforgovernor.com/ (last visited July 30, 2025). *See* Fed. R. Civ. P. 201 ("The court may judicially notice a fact that is not subject to reasonable dispute because it…is generally known within the trial court's territorial jurisdiction.").

of right. Additionally, NDLON's initial motion to intervene is **DENIED** as **MOOT**. [Dkt. 22]. The Court **ORDERS** NDLON to file its proposed responsive pleading **by noon on August 8, 2025**.

    **IT IS SO ORDERED.**